**In re Robert Hershel MOTT and Phyllis Sherita Mott, Debtors,**

**and**

**In re MOTT RESOURCES, INC., Debtor.**

**Robert Hershel MOTT and Phyllis Sherita Mott, Plaintiffs,**

**v.**

**RESTAURANT VENTURES, INC., and Dean Greenberg, Defendants.**

**Bankruptcy Nos. 11–80–00193MA, 11–80–00565MA.**
**Adv. No. 81–0128M.**

United States Bankruptcy Court, D. New Mexico.

Sept. 29, 1983.

John F. Caffrey, Albuquerque, N.M., for plaintiffs.

Charles J. Crider, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court upon plaintiff's motion to modify the judgment of this Court entered April 29, 1982, requiring specific performance by Restaurant Ventures, Inc., within 15 days of the date of entry of the order. That order also included judgment against defendant Dean Greenberg in the amount of $5,000.00 from which Greenberg appealed.

Restaurant Ventures' first objection to this motion is that because of the pending appeal by defendant Greenberg all jurisdiction was removed from this Court and lodged in the district court. We think that the rule which governs is most clearly stated in *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) which holds:

> The filing of a notice of appeal is an event of jurisdictional significance . . . it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.* —— U.S. at ——, 103 S.Ct. at 402, 74 L.Ed.2d at 228 (emphasis added)

■ Analogously, an appeal to the district court divests this Court of its jurisdiction, but only as to the aspects involved in the appeal which are, in the instant case, the money judgment awarded against Greenberg. Jurisdiction never left this Court as to the judgment against Restaurant Ventures, Inc. as a result of the appeal by defendant Greenberg. We would also note that this finding is supported by this Court's specifically retaining jurisdiction to enforce the award against Restaurant Ventures, Inc.

Having found jurisdiction to consider plaintiff's motion, we now turn to that motion itself. Defendant Restaurant Ventures argued that this motion is barred by the time limits contained in bankruptcy rule 923 and federal rules of civil procedure 59 and by the doctrine of *res judicata.* We agree that the procedural rules bar approaching the cause of action by a motion to amend judgment, but do not agree with the defendant that the cause of action is completely barred by res judicata.

■ The Court is bound by the time limitations contained in the bankruptcy rules and the federal rules of civil procedure. Bankruptcy rule 923 makes F.R.C.P. 59 ap-

plicable to this proceeding, and that rule limits motions to amend judgment to 10 days after the entry of judgment. F.R.C.P. 59(e). Even if that could be interpreted in this case to mean that plaintiffs had 10 days after the deadline for specific performance passed, their motion was filed well beyond that time. The Court finds that the motion is barred and should be dismissed.

■ That is not to say, however, that plaintiffs are left with no cause of action. Defendant argues that any action for damages is barred by doctrines of election of remedies and res judicata and cite as controlling the case of *Three Rivers Land Company, Inc., et al. v. Maddoux,* 98 N.M. 690, 652 P.2d 240 (1982). We agree with defendant that *Three Rivers* would be controlling were the cases factually indistinguishable. However, they are not. In *Three Rivers,* the second suit brought by the plaintiffs was for damages incurred as a result of the same transaction for which a suit for specific performance had already been brought and judgment awarded. In the instant case plaintiff seeks damages arising from defendants failure to comply with this court's judgment of specific performance, a cause of action which did not exist prior to the judgment and defendant's failure to comply with that judgment. This cause of action is much more similar to that of the plaintiffs in *Title Guarantee and Trust Co. v. Monson,* 11 Cal.2d 621, 81 P.2d 944 (1938) in which plaintiffs sued for damages incurred after the date on which defendants were to have, upon direction of the court, turned over possession of real property to the plaintiffs. Had the defendants in that case complied with the court order plaintiffs would have been entitled to no relief except the specific remedy of receiving possession. It was the damages which were incurred after the defendants failed to comply in a timely fashion with the court's order which were allowed in that case as not being barred by *res judicata,* and the damages incurred by the plaintiffs in the instant case are of the same nature. We note, however, that plaintiffs in that case apparently filed a separate lawsuit to collect the allowable damages, as the court in *Title Guarantee*

speaks of a "complaint" and states that the plaintiffs "commenced an action". *Title Guarantee and Trust Co., supra,* 81 P.2d at 945. That court did not address the procedure which we find to be unallowable in the instant case.

Having found that plaintiffs have improperly sought to recover their damages through a motion to amend judgment, the court concludes that the motion must be dismissed.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.