**20**

## In re Marsha ROBERTSON, Debtor.

### Bankruptcy No. 84–00027.

United States Bankruptcy Court,
District of Columbia.

Dec. 31, 1984.

Michael B. Roche, Riverdale, Md., for debtor.

Emil Hirsch, Lerch, Early, Roseman & Frankel, Bethesda, Md., for First American Mortgage Co., Inc.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Pursuant to this Court's oral ruling from the bench at a hearing held on November 15, 1984 on a motion by two secured creditors for relief from the automatic stays (11 U.S.C. §§ 362 & 1301) so as to foreclose on the Debtor's and her brother's and father's home, the Debtor has filed an "outline of Debtor's proposal to cure arrearage and to amend Chapter 13 Plan" and a "supplement" to that outline, and the secured creditor First American Mortgage Co., Inc. ("First American") has filed objections to the Debtor's proposal.

The Debtor proposes to use expected income tax refunds totaling approximately $1,478.00 and an expected emergency assistance grant of approximately $773.00 in order to cure arrearages on first deed of trust payments to Washington Federal Savings and Loan Association ("Washington Federal") and second deed of trust payments to First American. The sum of all the arrearages is approximately $1,964.00, somewhat less than the total expected from the tax refunds and emergency assistance grant. The Debtor also proposes to amend her Chapter 13 Plan so that future regular monthly payments on the two deeds of trust will be met through payroll deductions from her and her brother's wages and deductions from her father's bank account, all of which are to be paid directly by the employers and the bank to the Chapter 13 Trustee (and by the Trustee directly to Washington Federal and to First American). The Debtor avers that "the sources of lump sums will be sufficient to satisfy plan arrearages and that the additional sources of funding will be sufficient to fund the plan in the future." She has supplied substantial (although not fully complete) documentation to demonstrate the feasibility of these proposals.

First American's objections run the gamut from a challenge to this Court's jurisdiction, through various challenges to the statutory authority to modify the Plan as

proposed, to challenges to the Debtor's and her relatives' good faith and their ability and willingness to comply with the proposed amended Plan. Although First American's first ground of objection is that this Court lacks jurisdiction because of the pendency of an appeal from this Court's order confirming the Debtor's existing Plan, First American does not request this Court to refrain from rendering any decision on the Debtor's proposal. Rather, First American requests this Court, *inter alia,* to "reject any proposed modification of the existing plan." Thus it is not at all clear that First American intends its objection to this Court's jurisdiction to be taken seriously.

Nevertheless, this Court entertains substantial doubts concerning its continuing jurisdiction to authorize modification of the existing Plan while this Court's order confirming that Plan is on appeal. Those doubts, and considerations of judicial comity, courtesy and economy, lead this Court to suggest that the United States District Court be requested to remand the pending appeal for the purpose of this Court's considering the Debtor's proposal to cure arrearages and amend the Plan, as well as First American's and Washington Federal's pending motion for relief from the automatic stays. The filing of the notice of appeal of course divested this Court of jurisdiction and "control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225, 228 (1982), as quoted in *In re Mott,* 33 B.R. 337 (Bkcy.D.N.M.1983). It may well be proper to conclude that the issues raised in the Debtor's proposal (*i.e.,* the propriety and feasibility of curing post-petition and post-confirmation arrears, utilizing new funding sources, and making regular trust payments through rather than outside the Plan) are sufficiently distinct from the issues on appeal (*i.e.,* this Court's constitutional and statutory authority to confirm the existing Plan, whether a pre-confirmation consent order precluded confirmation, and alleged lack of notice of the confirmation hearing) so that the Debtor's proposal

can be considered to be a separate and distinct "aspect of the case," thus obviating any need for remand. Certainly First American impliedly takes the position that its motion for relief from the stay, filed in this Court and premised on the Debtor's alleged post-confirmation defaults, can be heard and decided by this Court notwithstanding the appeal. Nevertheless, as stated above, this Court believes that the more prudent course is to request remand, thus resolving any concern about whether the appeal has divested this Court of jurisdiction.

NOW THEREFORE IT IS ORDERED that all matters now pending before this Court, including (1) First American and Washington Federal's motion for relief from the automatic stays and including also (2) the Debtor's proposal to cure arrearage and to amend Chapter 13 Plan, are held in abeyance and will not be decided by this Court unless and until this case, now on appeal in the United States District Court for the District of Columbia, is remanded to this Court, either for the limited purposes of hearing and deciding the two matters stated above, or for additional purposes as well, and whether on motion by any party to the appeal for such a remand or otherwise.