728 P.2d 467

**UNIVERSAL LIFE CHURCH,**
Plaintiff-Appellant,

v.

**David V. COXON, et al.,**
Defendants-Appellees.

**William R. LYNE, Plaintiff-Appellant,**

v.

**David V. COXON, et al.,**
Defendants-Appellees.

Nos. 16117, 16212.

Supreme Court of New Mexico.

Nov. 18, 1986.

Rehearing Denied Nov. 4, 1986.

William R. Lyne, Lamy, pro se.

Jacob Carian, David Frizzel, Albuquerque, for defendants-appellees Coxon.

Eric Sommer, Santa Fe, for defendant-appellee Isaacs.

Michael S. & Esther Luby, Santa Fe, pro se.

Donald Montoya, Santa Fe, for defendant-appellee Lacy.

## OPINION

STOWERS, Justice.

These two actions were consolidated for purposes of appeal as they involve the same subject matter and parties. Plaintiff in each case, Universal Life Church and William R. Lyne, appeals from the district courts' orders directing the sale of the subject property and dismissing plaintiff's action. We affirm each of the orders.

The first consolidated case, SF 80–1887(c), was filed October 3, 1980, as a partition action. After a hearing on the merits, the district court concluded that partition was impractical, determined the interests of the parties, and ordered the sale of the property. Judgment was entered on September 14, 1984. Subsequent orders were entered to give effect to the judgment and dispose of the pleadings and liens filed by plaintiff. The last order of the district court in this case was entered September 11, 1985, directing the special master to sell the property and hold the proceeds in escrow pending a court approved distribution. Plaintiff filed an appeal from this action on September 26, 1985.

Plaintiff filed the second consolidated case, SF 85–926(c), on June 14, 1985, as a foreclosure action. This second complaint involved the same parties and the same property as the first case. After a hearing on plaintiff's motion for summary judgment and defendants' motion to dismiss, the district court held that the judgment of September 14, 1984, in the first case disposed of the issues. Consequently, the district court dismissed the second action in an order entered December 16, 1985. Plaintiff filed an appeal from this order on December 16, 1985.

Plaintiff raises numerous issues in his initial appeal of September 26, 1985, case number SF 80–1887(c). However, many of the contentions listed in his notice of appeal are not appealable as they are not final judgments or decisions, interlocutory orders or decisions which practically dispose of the merits, final orders after entry of judgment which affect substantial rights, or judgments in any proceeding for civil contempt. *See* NMSA 1978, Civ.App.R. 3(a) (Repl.Pamp.1984). Even if these contentions were appealable issues, plaintiff failed to appeal items 1–13 and 15 within the thirty day period required by Appellate Rule 3(a). Plaintiff's appeal was timely only as to one order: item 14. For the above reasons, we dismiss plaintiff's notice of appeal items 1–13 and 15.

Plaintiff's notice of appeal item 14 is an order filed September 11, 1985, striking plaintiff's liens and ordering the special master to sell the property in question. We find that substantial evidence supports the district court's ruling on this issue and that plaintiff did not show that the district court clearly abused its discretion in its order. *See Newsome v. Farer*, 103 N.M. 415, 708 P.2d 327 (1985). We therefore affirm the district court in this first consolidated case.

Plaintiff's second appeal of December 16, 1985, case number SF 85–926(c), arises from the district court's order denying plaintiff's motion for summary judgment and granting defendants' motion to dismiss. The basis for defendants' motion to dismiss was that the issues complained of in the second cause of action were barred by the principles of res judicata.

Similar to the case presently before us, the defendant-appellant in *Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 652 P.2d 240 (1982) also raised the affirmative defense of res judicata in a motion to dismiss. In that opinion, this Court indicated that a motion to dismiss was not the appropriate pleading with which to raise the res judicata defense and recognized that the appeal, therefore, was improperly before them. *Id.* at 694, 652 P.2d at 244. Nevertheless, in the "interest of the speedy administration of justice," the Court went on to decide the issue on appeal: reversing the trial court and finding that the res judicata defense did in fact bar the subsequent action. *Id.* at 694, 696, 652 P.2d at 244, 246.

A review of this motion practice in the federal courts discloses the prevalent view

that a complaint clearly showing that relief is barred by an affirmative defense may be dismissed under a Rule 12(b) motion. *Fed. R.Civ.P. 8, 12; Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854 (5th Cir. 1952). Generally, the facts supporting the defense must appear plainly upon the face of the complaint and must reveal what specific evidentiary matter is the basis for the dismissal. *Miller v. Shell Oil Co.*, 345 F.2d 891 (10th Cir.1965). This now common expansion of the motion practice beyond the express scope of Rule 12(b) promotes speedier pretrial procedure and eliminates needless trials while preserving meritorious claims for full adjudication.

This examination of federal policy and procedure convinces us that the affirmative defense of res judicata may properly be raised in a motion to dismiss. Consequently, we now overrule *Three Rivers Land Company v. Maddoux* insofar as it discourages this motion practice and affirm the district court's order in this second consolidated case dismissing plaintiff's complaint with prejudice.

IT IS SO ORDERED.

RIORDAN, C.J., and FEDERICI, J., concur.