**Alvino LUCERO, President of the Isleta Pueblo Tribal Council, Juan B. Abeita, Vice-President of the Isleta Pueblo Tribal Council and Josephine Fisher, Councilwoman on the Isleta Pueblo Tribal Council, Petitioners,**

v.

**Honorable Manuel LUJAN, Secretary of the Department of the Interior and the Bureau of Indian Affairs, Respondents.**

**No. 90-1059-M Civil.**

United States District Court, D. New Mexico.

March 1, 1992.

Narciso Garcia, Jr., Garcia Law Offices, Albuquerque, N.M., for petitioners.

Raymond Hamilton, William L. Lutz, U.S. Attorney's Office, District of New Mexico, Albuquerque, N.M., for respondents.

## MEMORANDUM OPINION AND ORDER

MECHEM, Senior District Judge.

This matter came on for consideration on petitioners' request for a temporary restraining order, preliminary and permanent injunctions, and declaratory relief. Petitioners have also made a motion to quash. Having considered the petition and the memoranda of petitioners and respondents, I find the petition is not well taken and the request for relief shall not be granted. Further, the motion to quash is denied.

### Background

Petitioners, former members of the Isleta Tribal Council complain that respondents, the Honorable Manuel Lujan, Secretary of the Department of Interior (the Secretary), and the Bureau of Indian Affairs (the BIA) injured them by their actions concerning the Secretarial election held on October 20, 1990. Specifically, petitioners complain about: (1) the composition of the Isleta Pueblo election board, *see* 25 C.F.R. § 81.8(a) and (b); (2) the lack of notice by mail of the need to register to vote, *see* 25 C.F.R. § 81.11; and (3) the lack of notice to non-residents of the election and need to register, *see* 25 C.F.R. § 81.-6(d).

The facts, as alleged by the petitioners and respondents follow. On or about August 21, 1990, the Isleta Pueblo Tribal Council passed Resolution 90–41 to authorize the Secretary to hold an election to amend Article VI of the Isleta Pueblo Constitution. Also, at least one-third of the eligible voters signed a petition requesting an election on the new amendment. This petition was submitted to the Secretary.

On September 12, 1990, the Department of the Interior determined that the proposed Secretarial election to amend Article VI was legally sufficient. An official list of registered voters for the secretarial election was signed by the Superintendent and posted in the Governor's office. The Secretarial election was held on October 20, 1990.

The constitutional amendment was adopted by a vote of 294 for and 59 against the amendment. Petitioners timely challenged the election results in an administrative appeal on October 23, 1990. *See* 25 C.F.R. § 81.22. On November 2, 1990, petitioners filed this petition requesting that I grant a temporary restraining order and preliminary and permanent injunctions to restrain the Secretary from ratifying and approving the Secretarial election results. Petitioners also asked for declaratory relief "to settle or clarify the legal relations in issue. . . ." Petition for Temp.Rest. Order, Prelim. & Perm.Inj. and Declaratory Judgment at 16. Hearing was held on this matter on November 19, 1990. At that time I declined to hear the merits of the petitioners' case until the parties addressed the question of the propriety of this court's jurisdiction over the matter. I requested the parties submit briefs on this question.

On November 27, 1990, the Secretary approved the amendment adopted by the Isleta voters in the Secretarial election. At the same time, the Department of the Interior dismissed the petitioners' administrative appeal contesting the election due to lack of substantiating evidence. The Department's letter set forth detailed responses to issues raised in the challenge.

The Isleta Pueblo Tribal Council passed Resolution 90–47 on November 26, 1990. This resolution states in pertinent part:

that the Isleta Tribal Council affirms the actions taken by such persons on behalf of the Tribal government of Isleta, and consents to the court's jurisdiction; the Tribal Council further gives, and has given, its specific authority and direction that the interest of the Isleta Tribe be identical with those of President Alvino Lucero, Vice–President Juan B. Abeita,

and Council–Member Josephine Fisher for the purposes of this litigation; and further that, if those officers deem it appropriate, the name Isleta Pueblo may be formally used as a party in this litigation.

The Isleta Tribal Court issued a temporary restraining order on December 4, 1990 finding Resolution 90–47 unconstitutional under the constitution of the Pueblo of Isleta and enjoining any action pursuant to it. Subsequently, petitioners filed a motion in this court to quash the temporary restraining order issued by the Isleta Tribal Court.

On February 19, 1991, the existing Isleta Pueblo Tribal Counsel passed Resolution 91–09 voting to rescind and nullify Resolution 90–47. The Council resolved that the petitioners do not represent the Pueblo of Isleta. Further, the Council resolved that tribal sovereign immunity is not waived for this case.

## Discussion

### I. Jurisdiction

■ Federal jurisdiction exists over actions arising under the laws of the United States. 28 U.S.C. § 1331. Petitioners' claims involve 25 U.S.C. § 476 and its accompanying regulations which authorize and regulate Secretarial elections. Specifically, petitioners argue that respondents violated 25 C.F.R. §§ 81.8(a) and (b), 81.11 and 81.6(d). Therefore, federal question jurisdiction exists over this matter. *See Coyote Valley Band of Pomo Indians v. United States*, 639 F.Supp. 165, 169 (E.D.Cal.1986). Because the Secretary ratified the election results, petitioners' request for a temporary restraining order and injunctive relief are moot and thus dismissed. However, petitioners' request for declaratory relief under 28 U.S.C. §§ 2201 and 2202 remains.

### II. Indispensable Party

■ The United States argues the Pueblo of Isleta is a necessary and indispensable party to this action. Further, the United States argues that this action should be

dismissed because the Pueblo cannot be joined due to the doctrine of sovereign immunity. I agree.

Determining whether the Pueblo of Isleta is a necessary and indispensable party involves a two-step inquiry. Fed.R.Civ.P. 19; *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir. 1983), *cert. denied*, 464 U.S. 849, 104 S.Ct. 156, 78 L.Ed.2d 144 (1983). First, I must determine whether the absent party should be joined as a "necessary party." *Id.* Fed. R.Civ.P. 19(a) provides in part that:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

In this case, petitioners seek a declaratory judgment to void the Secretary's actions in authorizing the election. The Pueblo, therefore, has an interest because it involves the effectuation of an amendment to the Isleta Pueblo Constitution. Without the Pueblo's stand, its interests could not practically be protected because the Pueblo has a real stake in the outcome of the action. Further, if I should find for petitioners in the absence of the Pueblo, the decision would have no *res judicata* effect as to the Pueblo. *See Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 694, 652 P.2d 240, 244 (1982) overruled on other grounds; *Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467 (1986). Conceivably, the Pueblo could sue the Secretary to validate the election and effectuate the amendment. The Secretary would be subject to substantial risk of further litigation. *See Kickapoo Tribe of Oklahoma v. Lujan*, 728 F.Supp. 791 (D.D.C.1990). Thus, I find that the Pueblo of Isleta is a "necessary party" to this lawsuit. Fed.R.Civ.P. 19(a).

The next step requires the determination of whether "in equity and good conscience the action should proceed among the parties before it or should be dismissed absent the person being thus regarded as indispensable." Fed.R.Civ.P. 19(b). This analysis requires consideration of four factors:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which by protective provisions in the judgment by the shaping of relief or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.* These factors do not comprise a rigid technical test but are, instead, guides to my equitable determination. *Wichita & Affiliated Tribes v. Hodel*, 788 F.2d 765, 774 (D.C.Cir.1986).

First, a judgment entered in the Pueblo's absence might be prejudicial to its interest. If I should find for petitioners, the newly ratified amendment could be invalidated. Such an action would interfere with the internal workings of tribal government. Second, because petitioners request that I find the actions of the Secretary unlawful, there is no way for me to shape a remedy in this case to lessen or avoid an effect upon the vital interest of the Pueblo in its constitution. *See Kickapoo, supra* at 797. Third, a judgment entered in the Pueblo's absence would be inadequate because there would be no *res judicata* effect upon the Tribe concerning the question of the validity of the election. Finally, the regulations provide any qualified voter the opportunity of contesting election results by filing a challenge with the Secretary. 25 C.F.R. § 81.22. Petitioners have availed themselves of this administrative procedure for the purpose of obtaining a remedy they desired. Thus, petitioners had an alternative forum for redress of their grievances.

*C.f., Wichita, supra* at 777 (where the court interpreted adequate remedy as an alternative forum). For all the above reasons, I find that the Pueblo of Isleta is a necessary and indispensable party to this lawsuit.

### III. Sovereign Immunity

 The tribal immunity doctrine recognizes the sovereignty of Indian tribes and protects them from suit in federal and state court. *Wichita, supra* at 771. For this reason, the Pueblo of Isleta as a necessary and indispensable party cannot be subject to the jurisdiction of this court without its consent. *Id.* at 773.

Petitioners maintain that Resolution 90–47 gave them authority to consent to this court's jurisdiction for purposes of representing the interests of the Isleta Tribe. They argue that the tribe has thus waived its sovereign immunity. The Isleta Tribal Court held that the resolution was unconstitutional, "violating the rights of those 294 tribal members who voted in favor of amending the constitution of the Pueblo of Isleta thus disenfranchising them of their right to vote." Temporary Restraining Order of Isleta Tribal Court Dec. 4, 1990. Petitioners have filed a motion requesting me to quash the order of the Isleta Tribal Court.

 It is a well settled rule that courts will not interfere with the internal workings of Indian tribes. *Tewa Tesuque v. Morton,* 498 F.2d 240 (10th Cir.1974), *cert. denied* 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975). In its motion to quash, petitioners argue that the Isleta Tribal Court lacked the jurisdiction to issue the restraining order. They argue that its authority is limited to reviewing the constitutionality of laws and ordinances enacted by the tribal council and that the resolution is not such an enactment. Petitioners must exhaust available tribal remedies before making this claim in federal court. *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 19, 107 S.Ct. 971, 978, 94 L.Ed.2d 10 (1987). For these reasons, I deny petitioners' motion to quash.

In the interest of comity, I abide by the ruling of the Isleta Tribal Court. *See LaPlante, supra* at 19, 107 S.Ct. at 978 (where the Supreme Court held the deference to the tribal court system precludes relitigation of issues raised and resolved in the tribal courts.). The Isleta Tribal Court refused to recognize the petitioners as representing the interest of the Isleta Pueblo tribal members for purposes of this suit. Furthermore, the current Isleta Tribal Council has voted to rescind resolution 90–47. Thus, petitioners are not the equivalent of the Isleta Pueblo for purposes of this litigation.

Accordingly, I find that the Pueblo of Isleta has not consented to suit in this case. In equity and good conscience, I cannot rule upon the merits when the party with such a vital stake in the proceeding is absent. *See* Fed.R.Civ.P. 19(b). Therefore, the case must be dismissed for non-joinder of a necessary and indispensable party.

IT IS SO ORDERED.