**SANTA FE VILLAGE VENTURE, a New Mexico general partnership, Plaintiff,**

v.

**CITY OF ALBUQUERQUE, a New Mexico municipal corporation, Defendant.**

**No. CIV 93–0233 MV/PJK/LFG.**

United States District Court, D.New Mexico.

Aug. 30, 1995.

479

Richard M. Leverick, Leverick & Musselman, Albuquerque, NM, for plaintiff.

Robert I. Waldman, Edward R. Pearson, Albuquerque City Attorney's Office, Albuquerque, NM, for defendant.

## MEMORANDUM OPINION AND ORDER

PAUL KELLY, Jr., Circuit Judge, Sitting by Designation.

THIS MATTER comes on for consideration of Defendant City of Albuquerque's Motion for Summary Judgment filed February 7, 1994 (doc. 94) and Supplemental Motion for Summary Judgment filed July 5, 1995 (doc. 110). Plaintiff seeks damages under 42 U.S.C. § 1983 and just compensation under the Fifth and Fourteenth Amendments to the United States Constitution. The City seeks summary judgment on several grounds: (1) limitations, (2) ripeness, (3) the lack of a compensable taking, (4) the lack of actionable conduct arising from a grantee not exercising an option, (5) standing, and (6) res judicata. The court, being fully advised in the premises, finds that the motions are well taken because summary judgment should be granted on ground (6), or, in the alternative, on grounds (3) and (4). Because these grounds are dispositive, the court need not address the other grounds urged.

### Background

In April 1989, the Albuquerque City Council ("Council") established a property acquisition policy and a building moratorium for one year for lands within the Petroglyph National Monument. The Council subsequently extended the moratorium for six months in April 1990 and for a year in November 1990. The final extension additionally provided that affected property owners could develop their property if neither the City of Albuquerque ("City") nor the United States had purchased or condemned the property within twelve months after the owner had applied for a building permit. The time limits placed on the moratorium were based on the anticipated time required for Congress to act on legislation that would create the Petroglyph National Monument.

In September 1989, Plaintiff Santa Fe Village Venture and Defendant City entered into a Real Estate Sale and Option Agreement under which Defendant purchased both a portion of land from Plaintiff and an option to acquire other land on or before December 1, 1990. The option land was within the Petroglyph National Monument and thus subject to the moratorium. Defendant never exercised the option to purchase the property.

Plaintiff filed suit against Defendant in federal district court seeking damages and declaratory relief based upon inverse condemnation and violation of Fifth and Fourteenth amendment rights. Judge Parker dismissed the second amended complaint without prejudice because the claims were premature; Plaintiff had not sought compensation via state administrative and judicial channels. *Santa Fe Village Venture v. City of Albuquerque*, No. 91–369 JP, memo. op. & order (filed Jan. 21, 1992) (citing *Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)), *contained in* doc. 6, ex. C. Plaintiff resorted to state district court seeking damages pursuant to N.M.Stat.Ann. § 42A–1–29 for inverse condemnation. The state district court granted summary judgment in favor of the City, holding that Plaintiff lacked standing because it had conveyed the property. *Santa Fe Village Venture v. City of Albuquerque*, No. CV 92–02333, summary judgment (N.M.2d Jud.Dist. filed Dec. 10, 1992), *contained in* doc. 6, ex. G. The state district court judge also stated: "No Federal issues were presented to the Court and none were ruled upon." *Id.* The New Mexico Supreme Court affirmed the state district court's grant of summary judgment. *Santa Fe Village Venture v. City of Albuquerque*, No. 21,112, decision (filed Jan. 17, 1995), *contained in* doc. 101.

### Discussion

 Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The court considers all evidence and reasonable inferences therefrom in

the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The nonmoving party, however, may not rely upon unsupported allegations without " 'any significant probative evidence tending to support the complaint.' " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968)). Summary judgment may be entered "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case" and on which that party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the moving party establishes its entitlement to judgment as a matter of law given uncontroverted, operative facts contained in the documentary evidence, summary judgment will lie. *See Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

### A.

■■ Summary judgment is appropriate on the grounds of res judicata or claim preclusion. The state court judgment in this case should be given the same preclusive effect in federal court as it would in state court. 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80–81, 104 S.Ct. 892, 895–96, 79 L.Ed.2d 56 (1984); *Allen v. McCurry*, 449 U.S. 90, 95–96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). Under New Mexico law, claim preclusion requires identity of the first and second lawsuits as to " '(1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter.' " *Kepler v. Slade*, 119 N.M. 802, 804, 896 P.2d 482, 484 (1995) (quoting *Silva v. State*, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987)). Here, all of the elements are met, despite the different theories relating to the Defendant's failure to compensate Plaintiff. *See Three Rivers Land Co. Inc. v. Maddoux*, 98 N.M. 690, 695, 652 P.2d 240, 245 (1982), *overruled on other grounds, Universal Life Church v. Coxon*,

105 N.M. 57, 728 P.2d 467 (1986), *cert. denied*, 482 U.S. 905, 107 S.Ct. 2482, 96 L.Ed.2d 374 (1987); *Ford v. New Mexico Dep't of Pub. Safety*, 119 N.M. 405, 891 P.2d 546, 553–54 (App.1994), *cert. denied*, 119 N.M. 354, 890 P.2d 807 (1995); *Restatement (Second) of Judgments* § 24, cmt. c (1982). Claim preclusion bars claims that were or could have been brought in an earlier proceeding. *Maddoux*, 652 P.2d at 245; *Ford*, 891 P.2d at 555 ("Claim preclusion does not depend upon whether the claims arising out of the same transaction were actually asserted in the original action.").

It appears that the constitutional theories advanced under § 1983 could have been included in Plaintiff's state district court complaint for inverse condemnation. New Mexico courts adjudicate § 1983 claims. *See, e.g., Daddow v. Carlsbad Mun. Sch. Dist.*, 120 N.M. 97, 898 P.2d 1235 (1995) (due process); *McDowell v. Napolitano*, 119 N.M. 696, 895 P.2d 218 (1995) (state law breach of contract and retaliation); *Bogan v. Sandoval County Planning & Zoning Comm'n*, 119 N.M. 334, 346, 890 P.2d 395, 407 (App.1994) (adequacy of notice), *cert. denied*, 119 N.M. 168, 889 P.2d 203 (1995).

■■ The Tenth Circuit has held repeatedly that a state court judgment is preclusive as to claims which were or could have been brought. *See Spence v. Latting*, 512 F.2d 93, 98–99 (10th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975). *See also Jarrett v. Gramling*, 841 F.2d 354, 356 (10th Cir.1988); *Carter v. City of Emporia*, 815 F.2d 617, 619 (10th Cir.1987); *DeVargas v. Montoya*, 796 F.2d 1245, 1249 (10th Cir. 1986), *overruled on other grounds, Newcomb v. Ingle*, 827 F.2d 675 (10th Cir.1987). Indeed, in *Lavasek v. White*, 339 F.2d 861 (10th Cir.1965), the Tenth Circuit applied claim preclusion where the plaintiffs were involved in condemnation litigation in New Mexico state courts, and then sought relief in federal district court on the theory that they were deprived of property in violation of the Fifth and Fourteenth amendments. *Id.* at 862. The court is persuaded to follow *Lavasek*.

In its brief, Plaintiff contends that claim preclusion should not apply for two reasons:

(1) it could not have brought its federal constitutional claims until it was denied compensation under state law, and (2) law of the case or judicial estoppel. The fact that resorting to state court was necessary to create ripeness under *Williamson Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1984), has been held insufficient to preclude the application of claim preclusion in a subsequent federal court action. *Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362, 364–65 (9th Cir.1993); *Peduto v. City of North Wildwood,* 878 F.2d 725, 728–29 (3rd Cir.1989). *See also Fields v. Sarasota Manatee Airport Auth.,* 953 F.2d 1299, 1307–08 (11th Cir.1992) (noting, however, that a party might be able to reserve the federal issues in the state case for later federal review).

Plaintiff has asserted no legal barrier which would have prevented it from asserting its federal constitutional claims in state court. The posture of the state court action after Judge Parker dismissed the first federal action (described by Plaintiff) belies an impediment:

> Plaintiff went to state court knowing full well that because it had deeded the subject property back to its lender in lieu of foreclosure, it did not have standing to sue under the State Inverse Condemnation Statute. Nonetheless, Plaintiff resisted Defendant's [State District Court] Motion for Summary Judgment and even took the summary judgment up on appeal in order to meet the requirements of *Williamson.*

Plaintiff's Memorandum in Opposition to Defendant's Supplemental Motion for Summary Judgment filed Aug. 8, 1995 (doc. 115) at 8. The federal constitutional claims could have been presented to the state court, any adverse decision thereafter could be appealed. *See, e.g., Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992); *First English Evangelical Lutheran Church v. County of Los Angeles,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987).

Plaintiff also argues that law of the case or judicial estoppel should prevent the application of claim preclusion. According to the Plaintiff, the Defendant, having successfully moved to dismiss the first federal action on grounds of ripeness, should not be heard to invoke claim preclusion after forcing Plaintiff to state court to make the case ripe. Plaintiff's Memorandum in Opposition to Defendant's Supplemental Motion for Summary Judgment filed Aug. 8, 1995 at 8.

 Judicial estoppel prevents a party from taking an inconsistent position in subsequent litigation, solely to advance its own ends. As an initial matter, Plaintiff has not provided portions of the record supporting its argument that law of the case or judicial estoppel should be applied. Insofar as law of the case is concerned, Judge Parker's order in No. 91–369 JP does not address subsequent federal proceedings, rather it concludes that "the state courts are ... available to the plaintiff." *Santa Fe Village Venture v. City of Albuquerque,* No. 91–369 JP, memo. op. & order at 8 (filed Jan. 21, 1992), *contained in* doc. 6, ex. C. Insofar as judicial estoppel is concerned, it would appear not to apply in the Tenth Circuit. *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1520 n. 10 (10th Cir. 1991); *United States v. 49.01 Acres of Land,* 802 F.2d 387, 390 (10th Cir.1986); *Parkinson v. The California Co.,* 233 F.2d 432, 437–38 (10th Cir.1956), *but see Guidry v. Sheet Metal Workers Int'l Ass'n,* 10 F.3d 700, 716 (10th Cir.1993), *on reh'g en banc,* 39 F.3d 1078, 1081 n. 3 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1691, 131 L.Ed.2d 556 (1995). Even if it did, the court has a duty to give preclusive effect to a state court judgment, when the courts of the state rendering the judgment would do so. 28 U.S.C. § 1738; *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). *See also Chrysler,* 928 F.2d at 1520 n. 10 (court had duty to address issue).

### B.

 Summary judgment also is appropriate on Plaintiff's claims that it was deprived of property based upon Defendant's conduct surrounding the option agreement. Plaintiff is required to respond with evidence tending to show a deprivation of a federal right under color of state law. *See Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550,

1556 (10th Cir.1993). Plaintiff claims that Defendant made false assurances that it would exercise its option to purchase the property, when in reality it only wanted to "tie up" the property and induce cooperation with the moratorium.

Before addressing the legal implications, the material submitted in support of these assertions will not withstand summary judgment. Plaintiff's affidavit on this point is wholly conclusory; no names of Defendant's representatives are given, nor are any dates, times or places concerning the alleged assurances. This is not the "significant probative evidence" required to withstand summary judgment. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

 In the alternative, Plaintiff's argument disregards the substance and the law governing the option agreement. The agreement allows the Defendant to exercise the option by a written notice with specific content including a closing date. *See* Memorandum in Support of Defendant's Motion for Summary Judgment filed Feb. 7, 1994, ex. A (doc. 95). The exercise of an option is at the sole discretion of the optionee. "An option is the right of the optionee to comply or not comply with the specific terms of the option, at the sole choice and election of the optionee." *Northcutt v. McPherson,* 81 N.M. 743, 745, 473 P.2d 357, 359 (1970) (emphasis added); *Master Builders, Inc. v. Cabbell,* 95 N.M. 371, 377, 622 P.2d 276, 282 (App.1981) (Sutin, J. concurring). Moreover, the expression of an intention to exercise an option must be "unequivocal and unqualified," and in accordance with the terms of the option agreement. *Id.; T.C. Cillessen v. Kona Co.,* 73 N.M. 297, 301, 387 P.2d 867, 870 (1964); *Master Builders,* 95 N.M. at 374, 622 P.2d at 279.

 Plaintiff's assertion concerning assurances prior to the option agreement would be barred by the parol evidence rule. *See Smith v. Price's Creameries,* 98 N.M. 541, 545, 650 P.2d 825, 829 (1982). As for assurances after the option agreement, the contended-for oral modification would substantially alter the terms of the option agreement, particularly regarding acceptance, so as to be barred by the statute of frauds. *See*

*Diversified Dev. & Inv. Inc. v. Heil,* 119 N.M. 290, 889 P.2d 1212, 1222 (1995). For the foregoing reasons, summary judgment is appropriate on Plaintiff's claims based upon the option agreement.

## C.

 Summary judgment also is appropriate on Plaintiff's claim that Defendant's moratorium resulted in a compensable temporary taking, depriving it of all economically beneficial or productive use. *See Lucas,* 505 U.S. at 1015, 112 S.Ct. at 2893; *First English Evangelical Lutheran Church,* 482 U.S. at 321–22, 107 S.Ct. at 2389–90. To be sure, the Fifth Amendment proscribes a taking of property for public use without just compensation. *See Penn Cent. Transp. Co. v. City of New York,* 438 U.S. 104, 123–28, 98 S.Ct. 2646, 2658–59, 57 L.Ed.2d 631 (1978). The moratorium in this case, however, did not amount to a compensable taking of the value of property as a whole. The challenged moratorium was limited in duration (two and one-half years), designed to preserve the status quo, and enabled Congress to take legislative action concerning a potential National Monument. Thus, the scope and time of the moratorium were limited, not substantively unreasonable, and may be upheld as a matter of law given the record. *See Brazos Land, Inc., v. Board of County Comm'rs of Rio Arriba County,* 115 N.M. 168, 173–74, 848 P.2d 1095, 1100–01 (App. 1993); *see also Zilber v. Town of Moraga,* 692 F.Supp. 1195, 1206–07 (N.D.Cal.1988); *Abraham v. City of Mandeville,* 638 F.Supp. 1108, 1112 (E.D.La.1986), *aff'd,* 814 F.2d 657 (5th Cir.1987).

## D.

Plaintiff's claims are barred by claim preclusion. In the alternative, Defendant is entitled to summary judgment on Plaintiff's substantive claims.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary Judgment filed February 7, 1994, and Defendant's Supple-

mental Motion for Summary Judgment filed July 5, 1995 are granted.