**FRANKLIN V. STATE OF N.M.**

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**BRYCE FRANKLIN,**
**Plaintiff-Appellant,**
**and**
**NICK GONZALES,**
**Plaintiff,**
**v.**
**STATE OF NEW MEXICO,**
**ATTORNEY GENERALS OFFICE,**
**NEW MEXICO DEPARTMENT OF**
**CORRECTIONS, and JOHN DOE,**
**Defendants-Appellees.**

No. A-1-CA-37537

COURT OF APPEALS OF NEW MEXICO

February 27, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, David K. Thomson, District Judge

**COUNSEL**

Bryce Franklin, Santa Rosa, NM, Pro Se Appellant

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellees

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, JULIE J. VARGAS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Plaintiff, a self-represented inmate, appeals from the district court's order denying his motion to reconsider the dismissal of his complaint. Unpersuaded that Plaintiff demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded, and affirm.

**{2}** On appeal, Plaintiff maintains that the district court erred in dismissing his case: (1) by ruling he needed to exhaust his administrative remedies; [DS 4-5; MIO 4-5] (2) by considering matters outside of the pleadings and converting the motion to one for summary judgment; [DS 5; MIO 6-7] and (3) by permitting Defendants to argue that Plaintiff failed to exhaust his administrative remedies, because it should have been raised as an affirmative defense. [DS 5; MIO 6] We avoid the duplication of efforts and do not restate our proposed analysis. Instead, we focus our analysis on the arguments made in response to our notice.

**{3}** We begin, as we did in our notice, by discussing the reasons why the district court did not err by treating the motion to dismiss as a motion for summary judgment and why the district court did not err by permitting Defendants to argue in their motion that Plaintiff failed to exhaust his administrative remedies. A party may present, and the district court may consider, matters outside of the pleadings when the moving party seeks dismissal under Rule 1-012(B)(6) NMRA. *See* Rule 1-012(B) ("If, on a motion asserting the defense in Subparagraph (6) of this paragraph to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment[.]"). A party may elect to assert the defenses found under Rule 1-012(B) by motion instead of by answer to the complaint. *See id.* Contrary to Plaintiff's argument, [MIO 6-7] nothing requires a district court to give a plaintiff notice that the district court will treat a motion filed under Rule 1-012(B)(6) as one for summary judgment, because the Rule requires the district court to do so, where "matters outside the pleading are presented to and not excluded by the court." Rule 1-012(B).

**{4}** Additionally, Defendants' motion to dismiss properly argued that Plaintiff failed to exhaust his administrative remedies as an affirmative defense to Plaintiff's claims, under the provision permitting dismissal for the failure to state a claim upon which relief may be granted. *See, e.g.*, *Sabella v. Manor Care, Inc.*, 1996-NMSC-014, ¶ 6, 121 N.M. 596, 915 P.2d 901 (reviewing dismissal on grounds that the plaintiff failed to exhaust her remedies, which was initiated by motion to dismiss for the failure to state a claim under Rule 1-012(B)(6)); *Universal Life Church v. Coxon*, 1986-NMSC-086, ¶¶ 8-9, 105 N.M. 57, 728 P.2d 467 (holding that affirmative defenses may be properly raised in a motion to dismiss under Rule 1-012(B)). To the extent that Plaintiff contends that federal courts may follow a different practice, [MIO 6] we are bound by New Mexico Supreme Court precedent and its Rules of Civil Procedure, not by federal practice. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent); *State v.*

*Cordova*, 1999-NMCA-144, ¶ 30, 128 N.M. 390, 993 P.2d 104 ("It is well-established that this Court is without authority to reverse or revise court rules that have been previously interpreted by our Supreme Court.").

**{5}** Lastly, Plaintiff contends that the district court should have ruled that either Plaintiff exhausted his remedies or his remedies were unavailable. [MIO 4-5] Plaintiff now acknowledges that the record does not contain an affirmative showing that Plaintiff either exhausted his administrative remedies or was prevented from doing so. [MIO 4] Plaintiff states that he was in solitary confinement and unable to directly hand the grievance officer his grievances, and had no idea which officer was impeding the grievance process. [Id.] Plaintiff contends that a pro se litigant's pleadings should be held to a less stringent standard, referring us again to federal law. [Id.] New Mexico case law, however, does not support such a view. Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that "we regard pleadings from pro se litigants with a tolerant eye, but a pro se litigant is not entitled to special privileges because of his pro se status" and that a pro se party "who has chosen to represent himself, must comply with the rules and orders of the court, and will not be entitled to greater rights than those litigants who employ counsel").

**{6}** Plaintiff's complaints about his inability to make a record must be raised and resolved in district court. We are not a court that finds facts such as those presented by Plaintiff's response; we are limited to a review of the record. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)). "It is the duty of the appellant to provide a record adequate to review the issues on appeal." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791.

**{7}** To the extent Plaintiff asserts that his arguments in his motion for reconsideration were more specific about prison officials ignoring grievances, Plaintiff has not explained how his motion for reconsideration shows that he satisfied his burden of demonstrating sufficient compliance with the administrative process. It is not our obligation to "search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104.

**{8}** In the absence of a record showing that Plaintiff defeated summary judgment with an affirmative showing that Plaintiff either exhausted his administrative remedies or was prevented from doing so, we cannot find error in the dismissal of his complaint. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness on appeal, and the appellant must clearly and affirmatively demonstrate district court error).

**{9}** We observe that Plaintiff's memorandum in opposition points out that he has a pending motion to consolidate this appeal with two other appeals filed in this Court. [MIO 5-6] We have denied this motion. Plaintiff's reminder is now moot.

**{10}** For the reasons stated in our notice and in this opinion, we affirm the district court's order dismissing Plaintiff's complaint.

**{11}  IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JULIE J. VARGAS, Judge**