This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37741**

**GOLDEN EQUIPMENT COMPANY,**

Plaintiff-Appellant,

v.

**ARTHUR R. MARTINEZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**James Lawrence Sanchez, District Judge**

Stephen D. Bass
Albuquerque, NM

for Appellant

Law Offices of Marshall J. Ray, LLC
Marshall J. Ray
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Plaintiff appealed following the dismissal of its complaint. We previously issued a notice of proposed summary disposition, proposing to reverse. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse and remand for further proceedings.

**{2}** The relevant background information has previously been set forth and is essentially undisputed. We will avoid undue reiteration here and instead focus on the content of the memorandum in opposition.

**{3}** Defendant contends that the district court properly granted his Rule 1-012(B)(6) motion and dismissed Plaintiff's complaint on grounds that the suit is barred by res judicata. [MIO 1-7] *See generally Universal Life Church v. Coxon*, 1986-NMSC-086, ¶¶ 8-9, 105 N.M. 57, 728 P.2d 467 (holding that claim preclusion may be raised in a motion to dismiss as an affirmative defense barring a claim). In this context, we apply de novo review. *See Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71 ("A district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6) [NMRA] is reviewed de novo.").

**{4}** We previously observed that the first element of res judicata, identity of parties, is unsatisfied. [CN 2-5] In his memorandum in opposition Defendant does not renew any of the various arguments on this subject that appear to have been presented at the district court level. Instead, he now asserts that he was in privity with the defendants to the original suit. [MIO 1-7] *See generally Deflon v. Sawyers*, 2006-NMSC-025, ¶ 3, 139 N.M. 637, 137 P.3d 577 (indicating that res judicata bars a subsequent lawsuit only if the parties are the same or in privity). Defendant's failure to advance this argument below is problematic. *See generally id.* ¶ 4 (indicating that privity is not a mechanistic inquiry, and explaining that privity requires, at a minimum, a showing that the parties "are really and substantially in interest the same" (internal quotation marks and citation omitted)); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Nevertheless, we will consider the argument in light of Defendant's assertion that the complaint is "incoherent" unless privity is understood. [MIO 2] *See generally State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the 'right for any reason' doctrine, we may affirm the district court's order on grounds not relied upon [below] . . . if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citations omitted)).

**{5}** "A Rule [1-0]12([B])(6) motion is only proper when it appears that plaintiff can neither recover nor obtain relief under any state of facts provable under the claim." *Valdez*, 2002-NMSC-028, ¶ 4 (emphasis, internal quotation marks, and citation omitted). "In reviewing a district court's decision to dismiss for failure to state a claim, we accept as true all well-pleaded factual allegations in the complaint and resolve all doubts in favor of the complaint's sufficiency." *Nass-Romero v. Visa U.S.A. Inc.*, 2012-NMCA-058, ¶ 6, 279 P.3d 772 (internal quotation marks and citation omitted).

**{6}** Privity is not alleged in the complaint. [RP 1-3] Instead, Plaintiff alleges that Defendant committed actionable fraud by executing a credit application and personal guarantee in the name of one of the defendants to the prior action (Argyres), on behalf of another of the defendants to the prior action (Bedrock Sand and Gravel), *without authority to do so.* [RP 1-2] Accepting the truth of these allegations, *see id.*, it follows that Defendant was *not* in privity with the defendants to the prior action. *See Deflon*, 2006-NMSC-025, ¶¶ 4-5, 10 (indicating that "privity does not exist where an initial lawsuit is brought against [a business entity] and a second lawsuit is then brought against [a person] acting in his or her individual capacity," and ultimately holding that

where an individual allegedly acted outside the scope of corporate authority, the individual and the corporation were not in privity).

**{7}** Defendant's memorandum in opposition largely ignores the allegations of the complaint. Instead, he focuses on the content of his own affidavit, which was prepared in association with the prior lawsuit and attached to the underlying complaint. [MIO 4-7] In that affidavit Defendant asserted that he was instructed by a manager to "complete and return the credit application on behalf of Bedrock." [RP 6] In light of that instruction, Defendant contended that he was "acting on the limited authority bestowed upon [him] on behalf of Bedrock." [RP 7] However, the credit application that Defendant filled out indicated that the credit applicant and guarantor was Argyres rather than Bedrock, and he apparently forged Argyres' signature. [RP 5] Defendant conspicuously failed to aver that he was authorized to use Argyres' or to forge her signature as guarantor. [RP 6-7] Absent clarity on this, Defendant's affidavit cannot be said to establish that his actions fell within the scope of his authority. [RP 7]

**{8}** In any event, Defendant's assertion that he was acting on "limited authority" is directly contradicted by the complaint, which as previously mentioned specifies that Defendant "had no authority" to submit the credit application in Argyres' name or to forge her signature as guarantor. [RP 2] Those allegations are controlling, for the present purposes. *See generally Valdez*, 2002-NMSC-028, ¶ 4 (stating the principle that, in reviewing Rule 1-012(B)(6) motions to dismiss, all well-pleaded factual allegations in a complaint are accepted as true). To the extent that Defendant was acting outside the scope of his authority, he was not in privity with the defendants to the prior action. *See Deflon*, 2006-NMSC-025, ¶¶ 1, 10. We therefore conclude that the motion to dismiss was improperly granted. *See, e.g.*, *id.* ¶ 27 (reviewing only whether the parties were in privity and holding that "[b]ecause privity does not exist between the present [d]efendants and the defendant in the [prior] lawsuit, res judicata does not bar [the p]laintiff's state court lawsuit");

**{9}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we reverse and remand for further proceedings.

**{10} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**