No. 26,068.

THE GARDEN CITY NATIONAL BANK, *Appellant,* v. GEORGE I. GANN et al., *Appellees.*

SYLLABUS BY THE COURT.

1. FRAUDULENT CONVEYANCES—*Mortgages—Effect of Actual and Constructive Fraud.* An insolvent and his brother by mutual agreement partitioned land of which each owned an undivided half interest, the insolvent receiving a share of the greater value, and by way of compensation therefor giving his brother a real-estate mortgage, one item of which was $20,000, on the hypothesis that the land apportioned to him was worth $40,000 more than the rest of it. The mortgage was attacked as fraudulent by a creditor of the insolvent. The district court found in effect that the difference in the value of the two shares as partitioned was only $20,000, justifying a compensatory payment of only $10,000, and that the mortgage was "fraudulent and void as to the excess" of $10,000, and should be set aside to that extent, and to that extent only. On appeal by the creditor it is held that if the finding is interpreted as meaning that the fraud was intentional the entire mortgage should have been set aside, while if it is interpreted as meaning that merely constructive fraud existed, without an actual intent to deceive or delay creditors, it was proper to sustain the rest of the mortgage after deducting the excessive $10,000. There being a doubt as to how the judgment should be interpreted in this respect, the cause is remanded in order that the district court may enter a supplemental order making clear the meaning intended, the judgment to stand, or be so modified as to set aside the entire mortgage, in accordance therewith.

2. MORTGAGES—*Indemnity Mortgages—Contingent Obligation.* One who has contracted with the owner of land to pay half the amount of a mortgage thereon may give such owner a valid mortgage on other land to indemnify him against loss through his failure to make such assumption of payment good.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed June 12, 1926. Cause remanded for affirmance or reversal according to the effect of a supplemental order of the district court making the original order more definite.

*Wm. Easton Hutchison, C. R. Hope* and *A. M. Fleming,* all of Garden City, for the appellant.

*L. A. Madison, Robert S. Field,* both of Dodge City, and *R. W. Hoskinson,* of Garden City, for the appellees.

Appeal and Error, 4 C. J. p. 1153 n. 41. Fraudulent, 27 C. J. p. 393 n. 2. Fraudulent Conveyances, 27 C. J. pp. 416 n. 47, 464 n. 75, 500 n. 32, 503 n. 68, 544 n. 45, 546 n. 54, 673 n. 41; 12 R. C. L. 510. Mortgages, 27 Cyc. pp. 1065 n. 89, 1067 n. 3.

The opinion of the court was delivered by

MASON, J.: William T. Gann executed to his brother, George I. Gann, a note for $40,000 secured by a mortgage upon real estate. George Gann brought an action against his brother to foreclose the mortgage, and obtained a default judgment on which an order of sale was issued. The Garden City National Bank, a judgment creditor of William T. Gann, brought this action to set aside the judgment and the mortgage on the ground of fraud, and to subject the land to the payment of its claim. The district court set aside the judgment and reduced the mortgage to $30,000, but denied other relief. The bank appeals.

Through the fault of a former court stenographer the plaintiff has been unable to procure a transcript, and the evidence is not before us. The plaintiff contends that a judgment setting aside the entire mortgage should be ordered upon the undisputed facts shown by the journal entry, the pleadings, and certain exhibits. The court found that three items entered into the mortgage, two of which were valid; that a third item, consisting of $20,000 agreed to be paid by William T. Gann to make up for the greater value of land received by him in the course of an agreed partition between them, was excessive by $10,000. With respect to this matter the journal entry reads:

"The court further finds that said mortgage for forty thousand ($40,000) dollars is fraudulent and void as to the excess over thirty thousand ($30,000) dollars, and should be set aside to that extent, but should remain in full force and effect as to thirty thousand ($30,000) dollars."

1. If the language quoted is to be interpreted as meaning that the mortgage was actually fraudulent—that the parties to it intended thereby to defraud the creditors of the mortgagor, even if only to the extent of $10,000, then the whole instrument should have been set aside. (27 C. J. 464, 465, 545, 546, 673.)

On the other hand, if the journal entry is construed as meaning the court found the mortgage to be constructively but not actually fraudulent to the extent of the $10,000, the vice of the mortgage in this respect could be cured by reducing it to this extent. The situation would then be substantially the same as where an insolvent debtor without intentional wrong prefers a creditor by conveying to him property worth more than the amount of the debt. In such a case equity will subject the property to the claims of the creditor to

the extent of the excess.    (12 R. C. L. 478, 479; 27 C. J. 544, 545; see, also, 27 C. J. 464, 465, 674, 675.)

The use of the word "fraudulent" without qualification, and particularly in connection with the term "void," suggests actual and intentional wrong.    That is its "common, direct sense."    (*Laithe v. McDonald,* 7 Kan. 254, 264.)    If less than the full and ordinary meaning were in contemplation it might naturally be expected that some explanation would have been made.    On the other hand, "void" is used almost interchangeably with "voidable," and "fraudulent" without a prefix is sometimes applied to conduct which, although not actuated by wrongful intent, will not be upheld by the courts. Merely for illustration, conveyances without consideration, made by insolvent debtors where there is no actual purpose to defraud or delay, are spoken of simply as "fraudulent" without prefixing "constructively."    (27 C. J. 500.)    Moreover a construction that sustains the judgment is to be favored over one having the contrary effect.

The determination of the case therefore turns upon just what is meant by the language of the judgment.    There is room for doubt and difference of opinion on that matter.    There is no occasion, however, to accept a doubtful conclusion where the means are readily at hand to reach certainty.    The difficulty arises from indefiniteness of expression which can easily be made specific.    The cause will be remanded in order that the district court may enter a supplemental order making clear the meaning intended—whether the word "fraudulent" in the judgment already rendered is intended to signify the existence of actual fraud or merely constructive fraud. In the former case the judgment will be modified so as to set aside the entire mortgage; in the latter it will be affirmed.    This practice is similar to that adopted in *Butler v. Milner,* 101 Kan. 264, 166 Pac. 478.

The plaintiff contends the admitted facts show conclusively that the mortgage was intentionally fraudulent, and therefore should be wholly set aside.    The circumstances before us do tend strongly to support the theory of actual fraud, but we are unable to say the evidence before the trial court may not have so explained the conduct of the parties as to warrant a different conclusion.

2.    Of the other $20,000 of the recited consideration of the mortgage, $5,000 was for notes given by William T. Gann to his brother, the validity of which in themselves is not attacked.    The remaining $15,000 is accounted for by a finding of the trial court in this way:

The Gann brothers mortgaged a part of the land owned by them in common to an insurance company for $30,000, receiving a loan for that amount, of which William T. Gann received the entire benefit, agreeing with his brother that he would pay off and release the mortgage; in the partition 3,440 acres of the land covered by this mortgage were conveyed to William T. Gann and the remaining 2,960 acres to George I. Gann; of the consideration of the mortgage which the plaintiff attacks as fraudulent $15,000 was found by the court to have been added with the purpose "that in the event the said George I. Gann is compelled to pay one-half of said mortgage, or in the event his land is sold under foreclosure thereof, the said William T. Gann should indemnify George I. Gann in the sum of one-half of the amount of said mortgage."

George I. Gann in his answer alleged and the court may be regarded as having found—

"That at the time of the division of said ranch, it being understood between this answering defendant and said W. T. Gann that the portion of said ranch so conveyed to this answering defendant in severalty and which was covered by said [insurance company] mortgage could be sold to satisfy one-half of said mortgage for thirty thousand dollars by said Bank Savings Life Insurance Company, by reason whereof it was then agreed between this answering defendant and said W. T. Gann that this answering defendant should assume and agree to pay one-half of said mortgage for thirty thousand dollars, in consideration whereof said W. T. Gann agreed to repay to this answering defendant one-half of said thirty thousand dollars and secure the payment thereof by the mortgage [here attacked] given by said W. T. Gann to this answering defendant, and that said fifteen thousand dollars, by reason thereof, became a part of said mortgage for forty thousand dollars so given by said W. T. Gann to this answering defendant on said date."

The meaning appears to be that $15,000 of the $40,000 mortgage was intended to indemnify George I. Gann against being required to pay—personally or through the sale of his share of the land—more than half of the insurance company mortgage. We see nothing objectionable in this. A mortgage may be given as indemnity against a contingent obligation as well as for the security of a fixed and absolute debt. Such a mortgage cannot be enforced until the mortgagee has been damaged (27 Cyc. 1065, 1067), but that does not interfere with its validity. The judgment for the foreclosure of the mortgage here involved has already been vacated, the action remaining pending, and the rights of all parties can be protected according to the facts upon the rendition of a new judgment.

The cause is remanded with directions that by a supplemental order the language of the judgment be made more definite and that the judgment remain as it is or be modified in accordance therewith, as already indicated.