No. 26,793.

R. E. HARRINGTON, *Appellee,* v. THE MISSOURI PACIFIC RAILROAD
COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. SALE—*Draft on Grain Deposited With Bank—Intention of Parties.* A shipper of grain, to be sold on commission, drew a draft for the approximate value of the grain on his commission agent, attached it to the bill of lading, deposited it at his home bank and received credit on his account. *Held,* whether this evidences a sale of the wheat to the bank, or an advancement of the amount of the draft by the bank to the shipper, depends upon the intention of the parties.

2. APPEAL AND ERROR—*Disposition of Cause—Remanding Case for More Definite Holding.* When the record of the ruling of a trial court is open to two interpretations, one of which upholds the judgment and the other does not, this court may remand the case for a more definite holding.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed July 10, 1926. Remanded for more definite holding.

*W. P. Waggener, O. P. May,* both of Atchison, and *T. M. Van Cleave,* of Kansas City, for the appellant.

*William K. Ward* and *Grant W. Harrington,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages, because of decline in price, for delay in shipment of two cars of grain from Baker, Kan., to market at St. Louis, Mo. It was tried to a jury, which answered special questions and returned a general verdict for plaintiff, upon which judgment was entered. The defendant has appealed.

Defendant filed a motion to set aside answers to certain of the special questions for the reason they were not supported by the evidence; also a motion for judgment in its favor on answers to other special questions, notwithstanding the general verdict; also a motion for a new trial. The material portions of the journal entry of the hearing upon these motions are as follows:

"And the court having heard the argument of counsel for the said respective parties herein, and being duly advised in the premises, doth find as follows:

"1st. That the motion of defendant to set aside the answers of the jury to questions numbered 1, 2, 4, 5, 6, 7, 11 and 12 of the special questions requested

Appeal and Error, 4 C. J. pp. 694 n. 98, 1117 n. 70. Sales, 35 Cyc. p. 33 n. 37.

Harrington v. Missouri Pac. Rld. Co.

by the defendant, plaintiff consenting thereto, should be, by the court, sustained.

"2d. That the motion of defendant for judgment *non obstante veredicto* should be overruled.

"3d. That the motion of the defendant for a new trial of said cause should be overruled."

Defendant contends that its motion for judgment in its favor, upon the answers to two special questions (which were not set aside), notwithstanding the general verdict, should have been sustained. These findings were, that when plaintiff shipped the respective cars of grain he drew drafts for the approximate value of the grain, which he attached to the bills of lading, and deposited them in his home bank and received credit on his bank account therefor. Defendant contends that by so doing plaintiff parted with title to the wheat, was no longer concerned with the question of when it reached St. Louis, and was not the real party in interest. But this does not necessarily follow. Such a transaction may evidence an actual sale of the wheat to the bank, or simply an advancement of the amount of the draft by the bank to plaintiff with the bill of lading as security. Here, as in any controversy as to whether a transaction is a sale of personal property, the question is: What was the real intention of the parties? In this case the evidence shows that the amounts of the drafts were placed to plaintiff's credit with the understanding and agreement that if they were not paid they were to be charged back to plaintiff. They were drawn on plaintiff's agents at St. Louis, the bank was fully reimbursed even before the shipments reached St. Louis, and plaintiff's agents had settled with him for the sale price of the wheat before this action was brought. Hence, there was no one but plaintiff interested in the claim of damages for delay. There was no error in this ruling.

Defendant contends that after the court set aside certain of the special findings its motion for a new trial should have been granted, for the reason there was then nothing to sustain the general verdict. The special findings were as to the amount of unreasonable delay in the shipments, the market price on the days the shipments should have reached the market and the days they did arrive, the difference, and resulting damages, and from these apparently the general verdict was computed. If the court set aside these findings for the reason they were not supported by the evidence, a new trial should have been granted; but it is not clear the court set them aside for that reason. The journal entry is open to the interpretation

that they were set aside by mutual consent, and treated as though they had not been submitted. This is the only reason suggesting itself to us which would justify the court in setting them aside and not granting a new trial. At the oral argument in this court plaintiff contended the special findings were set aside by mutual consent and the matter treated as though the questions had not been submitted; defendant controverted that, and contended its motion to set aside the findings for lack of evidence to support them was sustained. We shall let the trial court settle the matter.

Plaintiff has abstracted evidence which he contends supports the findings which were set aside, but we cannot consider it, for plaintiff did not object to the setting aside of the findings, and he has no cross appeal.

The cause will be remanded, with directions for the trial court to find and state whether the motion to set aside the findings was sustained because of a lack of evidence to support them, and if so to grant a new trial, or whether they were set aside by mutual consent and the matter treated as though the questions had not been submitted, and if so the judgment is affirmed. The costs in this court will be divided.