No. 27,887.

THE STATE OF KANSAS, *Appellant,* v. D. MOORE and JOHN DOE, *Appellees.*

(263 Pac. 798.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Forfeiture of Transporting Automobile—Necessity of Finding of Facts to Enable Review of Law.* The abstract presents what appears to be a clear case of use of an automobile to transport intoxicating liquor. The counter abstract presents nothing which substantially weakens the foundation for the inference of transportation. The decision depended on the view taken of circumstantial evidence, and what circumstances were proved depended on oral testimony. The district court made a general finding against forfeiture of the automobile and in favor of the owner, and rendered judgment accordingly. *Held,* this court is not authorized to reverse the judgment on the ground the district court entertained an erroneous view of the law.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed January 11, 1928. Affirmed.

Appeal and Error, 4 C. J. p. 655 n. 9.

State v. Moore.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Charles Hall* and *John Fontron,* both of Hutchinson, for the appellant.

*J. N. Tincher, Don Shaffer, Mabel Jones Shaffer* and *Rubert G. Martin,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one to forfeit an automobile as a liquor nuisance. The state was defeated, and appeals.

The owner of the automobile worked in a garage, and kept the automobile in the garage. Late one afternoon he permitted an acquaintance to use the car for the purpose of going to a designated place for some articles of personal property. The car was returned to the garage, police officers were called, the car was searched, and a quantity of liquor was found in it. The question of fact was whether the liquor had been transported, or whether the liquor was deposited in the car after it was brought back. The decision depended on the view taken of circumstantial evidence, and what circumstances were proved depended on oral testimony. The court made a general finding against forfeiture and in favor of the owner.

The testimony abstracted by the state makes a plain case of transportation of liquor to the garage and preparation for further transportation after nightfall. No formal counter abstract was filed, but in the brief for defendant some additional bits of testimony are quoted and recited, and the cutting edge of a little of the testimony in the abstract is slightly dulled. The finding of the liquor in the car was admitted. The succession of events leading to discovery of the liquor was established by the testimony of a number of witnesses who in the nature of things could not have been in collusion, and the case for forfeiture is so strong that the state explains the decision as the result of an erroneous theory of the law entertained by the trial court.

On the face of the record, there seems to be little room for justification of the decision on the ground that oral testimony was discounted or disbelieved, but this court can do nothing about it, unless it retries the case on the oral evidence of witnesses whom it did not see and hear, stenographically reported, and filtered through abstract and counter abstract. The court is in the situation it always occupies when counsel neglect to require findings of fact and conclusions of law separately stated. In such cases, there is no way to tell whether the decision is the result of well-applied law to well-

found fact, or misapplied law to well-found fact, or well-applied law to misfound fact, or misapplied law to misfound fact. In making the general finding, however, the district court exercised a statutory power:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties requests it, in which case the court shall state, in writing, the conclusions of fact found, separately from the conclusions of law." (R. S. 60-2921.)

In some instances, when doubt has existed respecting proper interpretation of the district court's action, cases have been returned in order that uncertainty and ambiguity might be removed and the judgment might be made definite. (*Butler v. Milner*, 101 Kan. 264, 166 Pac. 478; *Garden City Nat'l Bank v. Gann*, 121 Kan. 159, 246 Pac. 971; *Harrington v. Missouri Pac. Rld. Co.*, 121 Kan. 488, 247 Pac. 441.)

In this instance, the judgment itself is free from ambiguity, and to direct the district court to state findings of fact and conclusions of law would be to direct it to do what the statute says it was not necessary for it to do. The state might have forestalled the dilemma by exercise of the privilege granted by the statute. Not having done so, it must abide the result.

In the writer's opinion, a scientific code of civil procedure would require that on the trial of a question of fact the district court should always state findings of fact. Power of this court to test soundness of the findings of fact would remain limited; but it could tell whether the law was properly applied to the facts found and, by declaring the law, perform the primary office which it was established to perform. In cases tried by jury, the general verdict should be abolished, and the jury should be required to find the facts, under instructions limited to aiding the jury in dealing with the evidence. By exercise of a little concentration and discrimination, it would not be difficult, even in the most complicated case, for counsel and the court to frame a few questions for the jury to answer, fully covering the ultimate facts determinative of the issues. Application of the law to facts is a judicial and not a jury function, and that prolific source of procedural error, the essay on law called instructions to the jury, would be eliminated. The district court could test the integrity of the findings by the evidence. If satisfied with the findings, the court would apply the law. The

soundness of the court's view of the law could then be tested by appeal to this court. Until some such reform is instituted, we must continue to muddle through.

The judgment of the district court is affirmed.

HARVEY, J., concurs in the judgment of affirmance.