No. 30,298.

THE SAFETY SAVINGS AND LOAN ASSOCIATION, *Appellee*, v. (C. R. MALMSTROM and ESTHER MALMSTROM, *Defendants*); EDYTHE OLSON and DALE BARNARD OLSON, a Minor, *Appellants*.

(3 P. 2d 467.)

Opinion filed October 10, 1931.

*W. S. Norris*, of Salina, for the appellants.
*Ralph Knittle*, of Salina, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The action was to foreclose a mortgage. Judgment was for plaintiff for foreclosure. The period of redemption was fixed at six months. From this order defendants appeal.

C. R. Malmstrom and wife and O. B. Malmstrom and wife owned the land in question. They gave a mortgage on it for $2,400 to the Homestead Building and Loan Association. Sometime thereafter O. B. Malmstrom and wife conveyed an undivided one-half interest to C. R. Malmstrom. This made him the sole owner. On the same day he and his wife gave a mortgage to the Safety Savings and Loan Association, appellee herein, for $3,000. Appellee paid $2,-058.10 of this to the Homestead Building and Loan Association in satisfaction of its mortgage. About $800 was paid out on bills to complete the improvements on the place. The deed of O. B. Malmstrom and wife to C. R. Malmstrom and the mortgage of C. R.

Malmstrom and wife to the Safety Savings and Loan Association were executed and acknowledged at the same time and filed at the same time in the office of the register of deeds. No payments were ever made on the note secured by the mortgage in question.

Suit for foreclosure was filed, naming as defendants C. R. Malmstrom and wife and their assignees, Otto B. Olson and wife. After Otto B. Olson died the action was carried on against Edythe Olson, his wife, and Dale Barnard Olson, their only child.

When the foreclosure was had the period of redemption was fixed at eighteen months. Pursuant to this judgment the property was sold.

When the motion to confirm the sale came on to be heard appellee made an oral motion for a reduction of the period of redemption from eighteen to six months. Evidence was introduced and the facts were agreed upon about as detailed herein. As a result of this hearing the court reduced the period from eighteen to six months. A finding of the fact was made as follows:

"In the above-entitled cause the court finds that the period of redemption should be reduced to six months, the court finding that the mortgage in the case was a purchase-money mortgage."

It is from this ruling that the appeal is taken. Appellant urges that there is no evidence whatever that this was a purchase-money mortgage, and none as to the purchase price or as to how much was paid.

The section of the statute which controls is R. S. 60-3466. It provides as follows:

"Whenever a lien shall be given for the purchase price of any real estate, and default shall be made in the conditions of the mortgage or instrument giving such lien before one-third of the purchase price of such real estate shall have been paid by the purchaser thereof, such purchase-money lien may be foreclosed by the legal holder thereof in the manner now provided by law for the foreclosure of other mortgages, and such real estate may be sold under a judgment of foreclosure, as now provided by law: *Provided,* That whenever any such real estate shall be so sold, and the same shall not be redeemed from the judgment by the payment of all principal and interest due upon such lien and costs of such foreclosure within six months from the date of such sale, such sale shall become absolute, and the purchaser at such foreclosure sale shall be immediately entitled to a deed to the real estate purchased."

We have concluded that there is little difficulty in finding this to be a mortgage given for the purchase price of the real estate in question. Without doubt C. R. Malmstrom gave this mortgage to enable

himself to buy his brother's undivided one-half interest and pay the bills outstanding against the place. The difference in the length of time within which one may redeem, depending upon whether the mortgage was given for the purchase of real estate, and more than one-third of the purchase price had been paid, was to prevent speculators taking advantage of the redemption laws. In this case it is plainly to be seen that this mortgage was given for the purchase price of the land. Without the loan secured by this mortgage C. R. Malmstrom could not have made the purchase. Appellant urges that the case of *Robertson v. Swart*, 112 Kan. 469, 211 Pac. 113, cited and relied on by appellee, is not in point. The value of that case in the present discussion is that it establishes the rule that this court in considering a case of this kind will look through the form to the substance.

Appellant urges that there was no evidence upon which a finding that one-third of the purchase price had not been paid could have been made by the court. It is pointed out that such a finding was not in fact made and that one was necessary to support the conclusion that the period of redemption should be reduced from eighteen to six months. The rule has long been established by this court that when a district court reaches a certain conclusion it will be presumed that the facts had been found that would support the conclusion. (*Moorhead v. Edmonds*, 99 Kan. 343, 161 Pac. 610; *State v. Moore*, 125 Kan. 334, 263 Pac. 798.) In this case no request was made for further, clearer or additional findings.

As to the claim that there was no evidence as to the purchase price, and how much of it had been paid, appellant attempts to restrict the evidence to be considered on this point to what is contained in a stipulation of facts which was entered into at the time of the hearing of the motion. We conclude that there was ample evidence in the stipulation to sustain the finding as to the purchase price.

The judgment of the district court is affirmed.