161 P.3d 914 (2007)
2007-NMCA-079
COMPUTER ONE, INC., a New Mexico corporation, and Caroline C. Roberts, individually, Plaintiffs-Appellants,
v.
GRISHAM & LAWLESS, P.A., a professional association, Thomas L. Grisham, and Stephen F. Lawless, Defendants-Appellees.
No. 25,732.
Court of Appeals of New Mexico.
April 30, 2007.
Certiorari Granted June 13, 2007.
*915 William G. Gilstrap, P.C., William G. Gilstrap, Albuquerque, NM, for Appellants.
Law Office of Briggs F. Cheney, Briggs F. Cheney, Jaime L. Dawes, Albuquerque, NM, for Appellees.
Certiorari Granted, No. 30,425, June 13, 2007.

OPINION
WECHSLER, Judge.
{1} Plaintiffs, Computer One, Inc., and its president, Caroline C. Roberts (both referred to as "Computer One"), sued their former attorneys Grisham & Lawless, both individually and as a firm, alleging legal malpractice. The district court granted summary judgment in favor of Defendants on the basis of claim preclusion (res judicata), finding that Computer One's legal malpractice claims were the same claims it had asserted in response to Defendants' attorney charging lien in the prior litigation. On appeal, Computer One contends that it was not required to raise its legal malpractice claims as compulsory counterclaims to the attorney charging lien because it was not an opposing party to Defendants under Rule 1-013(A) NMRA and that the claims were not the same. We conclude that the district court did not err in granting summary judgment, and we affirm.
BACKGROUND
{2} Defendants represented Computer One in a breach of contract action against Sandia Corporation. Defendants entered into settlement negotiations with Sandia Corporation and eventually agreed to settle Computer One's claims for $750,000. After Defendants negotiated the settlement, Computer One alleged that Defendants did not have authority to settle its claims. Defendants withdrew from representing Computer One and filed an attorney charging lien.
{3} Sandia Corporation filed a motion to enforce the settlement. Computer One objected, again stating that Defendants had no authority to enter the settlement agreement on its behalf. Following an evidentiary hearing, the district court found that Computer One had given Defendants authority to settle *916 its claims for $750,000, and the court entered an order enforcing the settlement.
{4} The district court held a hearing on the attorney charging lien. At this hearing, the parties discussed the priority of claims between Defendants and another creditor of the settlement. Computer One then stated that it intended to dispute the enforceability of Defendants' claim for attorney fees. Computer One requested a hearing on that issue and stated that it would be filing objections to the charging lien. The district court gave Computer One ten days in which to file its objections.
{5} In its objections to the charging lien, Computer One alleged that the attorney fees claimed by Defendants were excessive and unreasonable because Defendants: (1) negotiated the settlement without consent; (2) released potential claims of both Computer One and Roberts without authority and to their economic detriment; and (3) failed to pursue a malpractice claim valued at 1.5 million dollars against predecessor counsel and failed to negotiate an attorney charging lien filed by predecessor counsel. Computer One also claimed that (4) the amended charging lien included fees for services not related to representation of Computer One in the action; and (5) the contingency fee agreement on which the charging lien was based did not conform to Rule 16-105(C) NMRA, and was therefore unenforceable. Computer One repeated these objections in its response to Sandia Corporation's motion to disburse the settlement proceeds. The court held a hearing on Sandia Corporation's motion to disburse fees and on Defendants' attorney charging lien on February 11, 2002. It issued an order allowing disbursement of settlement funds by Sandia Corporation.
{6} Over a year after entry of the order on the charging lien, Computer One sued Defendants for legal malpractice. Computer One claimed that Defendants' recommendation to accept settlement for $750,000 constituted professional negligence. Computer One alleged that Defendants failed to properly assess the available damages for breach of contract in the Sandia case, failed to properly advise their clients regarding evaluation of the settlement, and coerced their clients into settlement by threatening withdrawal.
{7} Defendants moved for summary judgment, arguing that Computer One's legal malpractice claims were barred by claim preclusion. In granting the motion, the district court stated that Computer One had raised legal malpractice claims in the litigation concerning the attorney charging lien and had been unsuccessful. The district court also found that Computer One had the opportunity to litigate the issue of whether there had been an improper handling of the litigation by Defendants and was attempting to relitigate the issue by raising different legal theories. Computer One appeals.
STANDARD OF REVIEW
{8} We affirm the grant of summary judgment when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Krieger v. Wilson Corp., 2006-NMCA-034, ¶ 30, 139 N.M. 274, 131 P.3d 661, cert. quashed, 2006-NMCERT-012, 141 N.M. 105, 151 P.3d 66. Because the material facts are undisputed, we review the district court order granting summary judgment de novo. See id. Whether claim preclusion applies is also a matter of law, which we review de novo. Moffat v. Branch, 2005-NMCA-103, ¶ 10, 138 N.M. 224, 118 P.3d 732, cert. quashed, 2006-NMCERT-003, 139 N.M. 353, 132 P.3d 1039. The burden of showing the elements of claim preclusion is on Defendants. Id.
CLAIM PRECLUSION
{9} "The form of res judicata known as claim preclusion prevents parties from relitigating claims after those claims have been litigated once." Hope Cmty. Ditch Ass'n v. N.M. State Eng'r, 2005-NMCA-002, ¶ 8, 136 N.M. 761, 105 P.3d 314. Claim preclusion rests on the need to balance the interests of defendants and the courts, on the one hand, to bring a close to litigation, and of plaintiffs, on the other hand, to seek relief of their claims. See Anaya v. City of Albuquerque, 1996-NMCA-092, ¶ 8, 122 N.M. 326, 924 P.2d 735. It bars not only claims that were actually raised in a prior litigation, but also claims that could have *917 been raised in a prior litigation. State ex rel. Martinez v. Kerr-McGee Corp., 120 N.M. 118, 121, 898 P.2d 1256, 1259 (Ct.App.1995). Its bar embraces compulsory counterclaims. See Bentz v. Peterson, 107 N.M. 597, 601, 762 P.2d 259, 263 (Ct.App.1988) ("Failure to plead a compulsory counterclaim bars a later action on that claim[.]"). For claim preclusion to apply, four requirements must exist. "The two actions (1) must involve the same parties or their privies, (2) who are acting in the same capacity or character, (3) regarding the same subject matter, and (4) must involve the same claim." Moffat, 2005-NMCA-103, ¶ 11, 138 N.M. 224, 118 P.3d 732.
{10} Computer One raises two objections to the district court's application of claim preclusion. First, Computer One argues that it was not an "opposing party" to Defendants within the meaning of Rule 1-013(A), governing compulsory counterclaims. Second, Computer One argues that its legal malpractice claims were not the same claims as the objections asserted in response to the attorney charging lien. We address each argument in turn.
OPPOSING PARTIES
{11} Computer One argues that its legal malpractice claims were not compulsory counterclaims, barred by claim preclusion, because it was not an "opposing party" to Defendants under Rule 1-013(A). Rule 1-013(A) provides the following:
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
Computer One bases its argument on Bennett v. Kisluk, 112 N.M. 221, 814 P.2d 89 (1991), in which our Supreme Court held that a motion for legal fees was insufficient to invoke the compulsory counterclaim rule. Id. at 224, 814 P.2d at 92. According to Computer One, an attorney charging lien is no different from a motion for attorney fees because "both are putting the issue of entitlement to fees before the court." Defendants counter that an attorney charging lien is more like a lawsuit for attorney fees, and that Brunacini v. Kavanagh, 117 N.M. 122, 869 P.2d 821 (Ct.App.1993), is the applicable precedent. In Brunacini, we held that a lawsuit for attorney fees triggered the compulsory counterclaim rule with respect to legal malpractice claims. Id. at 123, 869 P.2d at 822.
{12} In Bennett, an attorney filed a motion for attorney fees just before his former client reached a settlement agreement. Bennett, 112 N.M. at 222, 814 P.2d at 90. The attorney and the former client then reached an agreement whereby the attorney would execute a release of any claims against the client and successor counsel in consideration for receipt of his attorney fees. Id. Five months later, the client instituted an action for legal malpractice. Id. The attorney argued in part that the client's legal malpractice claims were barred by res judicata because the client should have asserted them as compulsory counterclaims to the attorney's motion for attorney fees. Id. at 224, 814 P.2d at 92. In reversing the grant of summary judgment in favor of the attorney, our Supreme Court said that
[w]hile the nature of the claim to attorney fees is related substantially enough to [the attorney's] efforts to effect the settlement and to his discharge without cause so as to have given rise to a compulsory counterclaim for malpractice to a complaint for collection of professional fees, we are hesitant to accord res judicata effect to all issues and claims that might have been raised in response to a motion for fees.
Id. It noted that "[w]hether [the client's] claim for malpractice was a compulsory counterclaim to [the] motion for fees depends on whether [the client] was an `opposing party' within the meaning of [Rule] 1-013(A). An `opposing party' must be one who asserts a claim against the prospective counterclaimant in the first instance." Bennett, 112 N.M. at 224, 814 P.2d at 92. The Court determined that the attorney's motion for fees did not place him "in the adversarial relationship with [the client] that would trigger the compulsory *918 counterclaim rule and its attendant res judicata effect." Id.
{13} In Brunacini, we determined that the filing of a lawsuit to collect attorney fees placed the parties in an adversarial position for purposes of the compulsory counterclaim rule, precluding a second lawsuit on legal malpractice. Brunacini, 117 N.M. at 125-26, 869 P.2d at 824-25. We held that the plaintiffs were required to assert all legal malpractice claims in their pleading because they filed a response to the defendants' earlier lawsuit for attorney fees. Id.; cf. Lowe v. Bloom, 112 N.M. 203, 205, 813 P.2d 480, 482 (1991) (declining to find that res judicata necessarily barred the plaintiff's action for legal malpractice when the plaintiff did not actually file a response to an earlier lawsuit for attorney fees and the action for fees was disposed of by voluntary dismissal without prejudice).
{14} Although we agree with Computer One that an attorney charging lien is similar to a motion for fees, we disagree with Computer One that Bennett governs our analysis. Bennett does not stand for the broad proposition that claim preclusion will never be applicable in a case in which a claim for attorney fees is made by motion. Rather, as we stated in Moffat, "implicit in Bennett is the notion of fair notice: that a non-movant would not necessarily know that he or she would have to assert all defenses or claims against a party who has filed a motion." Moffat, 2005-NMCA-103, ¶ 16, 138 N.M. 224, 118 P.3d 732. We therefore focus on the inquiry in Moffat. That is, we must determine whether Computer One was actively engaged in litigating the attorney fees and that it had therefore been put on notice that it needed to pursue all of its theories. See id.; see also Myers v. Olson, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984) ("Res judicata will ordinarily preclude a claim where there has been a full and fair opportunity to litigate all issues arising out of that claim.").
{15} Under the facts of this case, Computer One was in an adversarial relationship with Defendants, and it was therefore required to assert any claims arising out of the same transaction in response to the attorney charging lien. Unlike the situation in Bennett, Computer One responded to the charging lien, alleging that it was not enforceable. Computer One requested a hearing and represented to the district court that it would be disputing Defendants' claim for attorney fees. It then did dispute the claim for fees on a number of grounds and lost. Under these circumstances, we believe it is reasonable to preclude Computer One from relitigating the same claim in a second suit.
SAME CLAIM
{16} Computer One further argues that its legal malpractice claims were not the same claims as its objections to Defendants' attorney charging lien for purposes of claim preclusion. In its objections to the attorney charging lien, Computer One claimed that Defendants settled its claims against Sandia Corporation without authority; released claims of Roberts, as an individual, without authority; failed to provide services it contracted to provide; and charged Computer One for services it had not rendered. In its legal malpractice claims, Computer One alleged that Defendants were negligent in their evaluation and preparation of the settlement in the Sandia Corporation case.
{17} In determining whether two actions raise the "same claim" for claim preclusion purposes, we use the transactional approach. Moffat, 2005-NMCA-103, ¶ 17, 138 N.M. 224, 118 P.3d 732. Under this approach, we view a claim in factual terms, regardless of the legal theories that were actually raised in the prior action. Id. We "engage in a pragmatic assessment of the transaction, with a `transaction' being described as a natural grouping or common nucleus of operative facts." Id. (internal quotation marks and citation omitted). We use a three-step analysis to determine whether a prior action involves the same transaction. Id. ¶ 18. We consider "(1) . . . the relatedness of the facts in time, space, origin, or motivation; (2) . . . whether the facts, taken together, form a convenient unit for trial purposes; and (3) . . . whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." Id. (internal quotation marks and citation omitted).
*919 {18} In Moffat, we discussed an attorney charging lien. Id. ¶¶ 17-21. We defined the transaction as "the representation of [the client] in her medical malpractice case, the settlement, and associated attorney fees." Id. ¶ 19. We use the same standard to view the transaction in this case: the representation of Computer One in its breach of contract case against Sandia Corporation, the settlement, and the associated attorney fees. The objections to the charging lien and the legal malpractice claims involve the same underlying facts: Defendants' representation of Computer One in the Sandia Corporation case and their claim for attorney fees based on that representation. See Brunacini, 117 N.M. at 129, 869 P.2d at 828 (noting that a malpractice case and a fee dispute case both turn on the competence of counsel); see also Bennett, 112 N.M. at 224, 814 P.2d at 92 (noting that the plaintiff's claim for legal malpractice was related to the attorney's claim for fees).
{19} In addition, the facts that form the basis of both claims would form a convenient unit for trial. It would have been convenient to address all of Computer One's claims against Defendants related to Defendants' representation in the case when the district court considered Computer One's claims regarding enforceability of the charging lien. It is likely that the evidence and witnesses relevant to Computer One's objections to the charging lien and to its legal malpractice claims would overlap. See Moffat, 2005-NMCA-103, ¶ 20, 138 N.M. 224, 118 P.3d 732 (noting that "[w]here there would be a substantial overlap between the evidence relevant to both actions, the second action should ordinarily be held precluded") (internal quotation marks and citation omitted).
{20} Computer One argues to the contrary, stating that its objections to the charging lien addressed Defendants' entitlement to fees, while its claims for legal malpractice addressed the appropriateness of the settlement in the Sandia Corporation case. Computer One further argues that the objections to the lien involved Defendants' authority to settle and the services covered by the charging lien, whereas the legal malpractice claims involved the quality of Defendants' representation in the Sandia Corporation case. By these arguments, Computer One seeks to make a distinction between its contractually based claims and its tort claims against Defendants.
{21} We see no basis for distinguishing between contract claims and tort malpractice claims for claim preclusion purposes. The attorney-client relationship is governed by a blend of both contract and tort law. The attorney-client relationship is generally created by contract. Holland v. Lawless, 95 N.M. 490, 494, 623 P.2d 1004, 1008 (Ct.App. 1981) (noting that unless appointed by the court, the attorney-client relationship is created by contract). Once that relationship is created, the law imposes a duty of reasonable care on the attorney, which forms the basis for a malpractice action. See Rancho del Villacito Condos., Inc. v. Weisfeld, 121 N.M. 52, 55-56, 908 P.2d 745, 748-49 (1995) (noting that to recover on a legal malpractice action, the plaintiff must show the neglect of a reasonable duty). Both an attorney charging lien and an action for legal malpractice are founded on the existence of the contract. See Sowder v. Sowder, 1999-NMCA-058, ¶ 10, 127 N.M. 114, 977 P.2d 1034 (noting that an attorney charging lien requires the existence of a valid contract between attorney and client); see also Leyba v. Whitley, 120 N.M. 768, 772, 907 P.2d 172, 176 (1995) (noting that the contract that gives rise to the lawyer-client relationship is the foundation of a legal malpractice claim). We are therefore not persuaded by Computer One's argument that its contract claim is distinct from its tort claim.
{22} Under the transactional approach, the relevant inquiry is not what substantive law governs a claim, but rather whether the claims arise out of the same transaction or series of transactions. See Three Rivers Land Co. v. Maddoux, 98 N.M. 690, 695, 652 P.2d 240, 245 (1982), overruled on other grounds by Universal Life Church v. Coxon, 105 N.M. 57, 58, 728 P.2d 467, 469 (1986). To hold otherwise would be to allow parties to split a cause of action based on different legal theories and would be contrary to the policy behind claim preclusion, which is to promote judicial efficiency and an end to *920 litigation. See Myers, 100 N.M. at 747, 676 P.2d at 824 ("The rationale for the application of res judicata generally is to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions."); see also Deflon v. Sawyers, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 137 P.3d 577 ("Res judicata prevents a party or its privies from repeatedly suing another for the same cause of action.").
{23} When Computer One filed its objections to the attorney fees, it asserted claims arising out of Defendants' representation in the Sandia Corporation case. Claim preclusion required that Computer One bring all its claims arising out of this transaction at that time. We thus conclude that the district court did not err in granting Defendants summary judgment in Computer One's legal malpractice suit.
JUDICIAL NOTICE
{24} Computer One also argues that the district court, in considering the motion for summary judgment, improperly took judicial notice of the record in the Sandia Corporation case. Computer One concedes that "this point of error is ancillary and not critical to resolution of the res judicata issue." Computer One does not argue that it was prejudiced by the district court's exercise of judicial notice, nor does it request any relief from this Court. Because resolution of this issue would not provide relief to Computer One, we will not address it. See In re Pernell, 92 N.M. 490, 493, 590 P.2d 638, 641 (Ct.App. 1979) (noting that New Mexico appellate courts do not decide questions if no actual relief can be afforded). We also decline the parties' request that we nevertheless address this issue for future guidance of practitioners and the courts. See Insure N.M., LLC v. McGonigle, 2000-NMCA-018, ¶ 27, 128 N.M. 611, 995 P.2d 1053 (noting that the Court of Appeals will not issue an advisory opinion in the absence of a justiciable issue).
CONCLUSION
{25} The district court correctly determined that claim preclusion barred Computer One's claims for legal malpractice. We affirm the district court's grant of summary judgment.
{26} IT IS SO ORDERED.
WE CONCUR: LYNN PICKARD and CELIA FOY CASTILLO, Judges.