This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LINDA ECKERT BALLARD,**

Plaintiff-Appellant,

v.                                              **No. A-1-CA-35451**

**THE GEO GROUP, INC., TIMOTHY HATCH, MICHAEL MARTIN, RUSSELL RIPPETOE, RHONDA GREEN, DEBRA VEGA-COWAN, AND OTHERS UNKNOWN, IN THEIR PERSONAL AND PROFESSIONAL CAPACITIES,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Matthew J. Sandoval, Jr., District Judge**

Linda Eckert Ballard
Santa Rosa, NM

Pro Se Appellant

YLAW, P.C.
April D. White
Albuquerque, NM

for Appellees Geo Group, Timothy Hatch, Michael Martin, Rhonda Green, and Debra Vega-Cowan

Russell Rippetoe

Keyes, OK

Pro Se Appellee

## MEMORANDUM OPINION

**BOHNHOFF, Judge.**

{1}     Plaintiff Linda Ballard appeals the district court's order granting summary judgment in favor of Defendants GEO Group, Inc., Warden Timothy Hatch, Assistant Warden Michael Martin, Lieutenant Russell Rippetoe, Control Tech Rhonda Green, and Director of Mental Health Debra-Vega Cowan. Plaintiff filed the present case in state district court, alleging intentional spoliation of material evidence, libel, slander, fraud, and gross negligence. Defendants moved for summary judgment on the basis that, pursuant to rules of res judicata and collateral estoppel, dismissal of her previous federal court case operates to bar the state court action. Following a hearing, the state district court agreed with Defendants and granted summary judgment on those grounds. On appeal, Plaintiff argues that the district court (1) erred in granting summary judgment in favor of Defendants because res judicata and collateral estoppel are not applicable and (2) was prejudiced and biased against Plaintiff because of her political affiliation and as such the venue should have been changed. This is a memorandum opinion and, because the parties are familiar with the facts and

procedural posture of the case, we set forth only such facts and law as are necessary to decide the issues raised. We affirm.

{2}     On September 20, 2008, Plaintiff was arrested for violation of a restraining order obtained by her son. She was transported to the Northeastern New Mexico Detention Facility (NENMDF) in Clayton, New Mexico, which was operated by Defendant GEO. Plaintiff was held at NENMDF until the following morning, when she was transferred to a hospital.

{3}     As found by the federal court, while in detention Plaintiff appeared disoriented, angry, banged her head on doors and windows, and informed staff that she would "bang her head on the cement until she got her way." Plaintiff was then placed under suicide watch by Defendant Vega-Cowan. Plaintiff was given a suicide blanket, suicide garment, and slip-on shoes. Plaintiff was then escorted to the medical holding room where she was assisted with the changing of her clothing by Defendant Green.

{4}     A state magistrate court initially had ordered that Plaintiff be released later in the day on September 20, 2008. However, the magistrate court was contacted and updated as to Defendant Vega-Cowan's observations regarding Plaintiff's mental health and the risk of harm to herself. The magistrate court then ordered that Plaintiff would remain in the facility pending transfer to the behavioral health institute in Las Vegas, New Mexico. Plaintiff was kept on suicide watch until September 21, 2008,

when she was transported to the county hospital, pending transportation to the behavioral health institute. Before leaving NENMDF Plaintiff stated to Defendant Vega-Cowan that she would "ruin" her for placing her on suicide watch and that she was "happy to sue . . . the facility because she needed money."

**{5}** Based on the events of September 20 and 21, 2008, Plaintiff filed suit in federal district court. The docket number of the proceeding, No. 6:10-CV-00886-JCH-WDS, indicates that it was filed in 2010. In her first amended complaint filed on December 27, 2010, she named as defendants GEO as well as Tri-County Community Services, Inc., and a number of Defendant GEO's employees who were identified as working at the NENMDF (Defendant Mike Martin, Lieutenant Grayson, and Defendant Vega-Cowan). She alleged a variety of civil rights and state tort violations, including gross negligence, failure to train, violation of her right to privacy, failure to accommodate a known disability, false imprisonment, cruel and unusual punishment, intentional infliction of physical and mental duress, and denial of her right to practice religious freedom.

**{6}** The procedural details of the federal litigation are significant to our analysis. While the record proper in the state court case does not contain the entirety of the federal court filings, it does contain a February 7, 2012 joint status report and provisional discovery plan (JSR/PDP) and a July 2, 2012 amended scheduling order.

4

The record also contains an April 11, 2013 reply filed by Plaintiff in support of a March 15, 2013 motion to extend certain pre-trial deadlines, though the motion itself is not in the record. In this reply, Plaintiff indicates the original scheduling order was entered on February 16, 2012. While the amended scheduling order does not address the pleading amendment deadline, the reply indicates March 19, 2012, was Plaintiff's deadline to file her second amended complaint. Plaintiff does not indicate, nor does our review of the record reveal, what the original deadline for amending pleadings was. Similarly, the federal court's order disposing of that motion is not in the record, although a subsequent ruling indicates that the motion was denied. Plaintiff appears to contend that by this motion she sought an opportunity to file a second amended complaint that would have asserted a spoliation claim.

{7}     Plaintiff filed a motion for default judgment on November 6, 2012. Plaintiff claimed that Defendants intentionally destroyed video recordings of her while she was in custody at the NENMDF and requested a default judgment as a sanction for the spoliation of this evidence, among other alleged discovery violations, by Defendants. On March 20, 2013, the federal court entered an order construing Plaintiff's motion for default judgment as a motion to compel. The federal court ordered Defendants to produce any video recordings of Plaintiff made during her detention or explain the absence of such video evidence. In response, Defendants produced an affidavit from

Defendant Hatch, stating that a handheld video recording of Plaintiff, taken by "Tech Rhonda Green," was "inadvertently deleted" and that "[a]s a matter of general practice, no handheld video footage is maintained by the facility unless the footage has captured a use of force by corrections officers or criminal conduct by inmates or detainees." The affidavit further stated that the footage from stationary surveillance cameras in the medical holding cells where Plaintiff had been placed "was automatically overwritten by the system after seventy-two hours." On April 9, 2013, Plaintiff filed a motion seeking reconsideration of her motion for default judgment. Based on Defendant Hatch's affidavit, Plaintiff reiterated her claim that Defendants had spoliated evidence and further contended that the loss of that evidence, together with Defendants' other alleged discovery misconduct, had prejudiced her ability to "discover and substantiate the facts." The federal court denied Plaintiff's motion for reconsideration on May 14, 2013.

{8}    On January 24, 2013, Defendants filed an amended motion for summary judgment. Defendants contended generally that Plaintiff's allegations were untrue and that they treated her properly while she was detained in the NENMDF. Plaintiff's response was due no later than February 11, 2013, but she did not respond until March 4, 2013. By order entered on May 14, 2013, the federal court determined that Plaintiff's response was untimely and for that reason would be disregarded.

{9}     On May 29, 2013, the federal magistrate court issued a "report and recommendation" regarding Defendants' summary judgment motion. The report and recommendation determined that, because Plaintiff's response to the summary judgment motion was untimely and would be disregarded, pursuant to the federal court's local rule, Defendants' statement of undisputed facts in their motion would be deemed uncontested. Those facts are summarized above. The federal magistrate court then concluded, based on these facts, that Defendants were entitled to summary judgment on each of Plaintiff's claims. By order entered on July 11, 2013, the federal district court adopted the federal magistrate court's report and recommendation, granted Defendants summary judgment, and dismissed Plaintiff's amended complaint with prejudice. Plaintiff appealed to the United States Court of Appeals for the Tenth Circuit, which affirmed. Plaintiff then applied for a writ of certiorari from the United States Supreme Court, which was denied.

{10}    Plaintiff filed the present case in state district court on March 25, 2015. She named as Defendants GEO, Hatch, Martin, Rippetoe, Green, and Vega-Cowan. Plaintiff asserted theories of intentional spoliation of material evidence, libel, slander, fraud, and gross negligence, but the gist of her claim is that she lost the federal case because Defendants destroyed the video recordings that would have established her rights were violated during her September 20-21, 2008 detention. Defendants moved

7

for summary judgment on the basis of res judicata and collateral estoppel. Following, a hearing, the district court granted summary judgment on those bases. Plaintiff then appealed.

**DISCUSSION**

{11}   Plaintiff contends that she was mistreated on September 20, 2008, when she was detained at the NENMDF. Plaintiff claims that she immediately notified Defendant GEO that she would pursue a claim, which gave rise to a duty on the part of Defendant GEO to preserve evidence, including videotapes, regarding her detention. Plaintiff argues that Defendant GEO destroyed the videotapes, and as a result she was unable to prove her federal claims. She now seeks to pursue a claim of intentional spoliation in state court. Plaintiff argues that the state court erred in granting summary judgment on the basis of res judicata and collateral estoppel.

{12}   Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243; Rule 1-056(C) NMRA. We review a grant of summary judgment de novo. *Zamora*, 2014-NMSC-035, ¶ 9. In reviewing an order on summary judgment, we examine the whole record, considering the facts and drawing all reasonable inferences in a light most favorable to the nonmoving party. *Id.* We review de novo a district court's application of res judicata. *See Brannock v.*

8

*Lotus Fund*, 2016-NMCA-030, ¶ 20, 367 P.3d 888; *See also Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 61, 148 N.M. 106, 231 P.3d 87 (holding that "[w]hether the elements of claim preclusion are satisfied is a legal question, which we review de novo"). We review a district court's application of collateral estoppel for abuse of discretion. *See Brannock*, 2016-NMCA-030, ¶ 7.

**A.      Res Judicata**

{13}

> Claim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action. Res judicata applies when there is (1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) the same cause of action, and (4) the same subject matter. In order for res judicata to apply, the claimant must have had a full and fair opportunity to litigate the claim in the original action and there must have been a final decision on the merits.

*State ex rel. San Miguel Bd. of Cty. Comm'rs v. Williams*, 2007-NMCA-036, ¶ 25, 141 N.M. 356, 155 P.3d 761 (alterations, internal quotation marks, and citations omitted). While federal law determines the res judicata effect of a federal judgment, *see Moffat v. Branch*, 2005-NMCA-103, ¶ 11, 138 N.M. 224, 118 P.3d 732, federal and New Mexico law claim preclusion rules are consistent. *See Deflon v. Sawyers*, 2006-NMSC-025, ¶ 2, 139 N.M. 637, 137 P.3d 577.

{14}      Plaintiff argues that the district court erred in applying res judicata to dismiss her state court lawsuit because (1) the parties to that litigation are different from those

in the federal court lawsuit, (2) the claims asserted in the state court lawsuit, and the underlying facts and law, are not the same as those litigated in the federal lawsuit, and (3) she tried but was unable to pursue her spoliation claims in federal court.

**1.      Same Parties or Privies**

{15}     "There is no definition of privity that can be automatically applied in all cases involving the doctrines of res judicata and collateral estoppel." *Boyd Estate ex rel. Boyd v. United States*, 2015-NMCA-018, ¶ 25, 344 P.3d 1013 (internal quotation marks and citation omitted).

> [E]ach case must be carefully examined to determine whether the circumstances require its application. This is so, notwithstanding the general assumption that res judicata applies only if the parties in the instant action were the same and identical parties in the prior action resulting in a judgment. Privity requires, at a minimum, a substantial identity between the issues in controversy and showing that the parties in the two actions are really and substantially in interest the same.

*Id.* (internal quotation marks and citation omitted).

{16}     In her federal court complaint, Plaintiff named as Defendants GEO and a number of GEO employees—those who had some involvement in her September 2008 detention at the NENMDF. In her state court complaint she added three new employees—Defendants Hatch, Rippetoe, and Green—presumably because she believes they also were involved in some manner with either her detention or the destruction of the video recordings. Plaintiff specifically identifies all of the individual

Defendants as employees of Defendant GEO and appears to premise Defendant GEO's liability on the basis that the individual Defendants were acting within the scope of their authority. Because these new Defendants are employees of Defendant GEO—which is a Defendant in both the state court and the federal court cases—and sued on the basis of their status and actions as GEO employees, they are in privity with the defendants in the federal court action. *See Ford v. N.M. Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 10, 119 N.M. 405, 891 P.2d 546 (recognizing, as accurately expressing New Mexico law, Restatement (Second) of Judgments § 51(1) (1982), which states that if two persons have a relationship in which one is vicariously liable for the conduct of the other and an injured person brings an action against one of them, judgment against the injured person that bars him from reasserting his claim against the defendant in the first action generally also bars any claim against the other person responsible for the conduct).

**2.      Same Capacity**

{17}      Plaintiff does not address this res judicata element in her appellate briefs. However, in both the federal court and state district court lawsuits GEO was sued in its capacity as operator of the NENMDF, and the individual Defendants in both cases were sued on the basis of their status and actions as GEO employees at the NENMDF. Therefore, the parties in both cases had the same capacity. *See Three Rivers Land Co.*

11

*v. Maddoux*, 1982-NMSC-111, ¶ 24, 98 N.M. 690, 652 P.2d 240, *overruled on other grounds by Universal Life Church v. Coxon*, 1986-NMSC-086, ¶ 9, 105 N.M. 57, 728 P.2d 467.

**3.  Same Cause of Action**

{18}  New Mexico recognizes an independent tort of intentional spoliation of evidence. *See Coleman v. Eddy Potash, Inc.*, 1995-NMSC-063, ¶ 12, 120 N.M. 645, 905 P.2d 185 (holding that "New Mexico recognizes a cause of action for intentional spoliation of evidence"), *overruled on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. Intentional spoliation is the intentional destruction, mutilation, or significant alteration of potential evidence for the purpose of defeating another person's recovery in a civil action. *See Coleman*, 1995-NMSC-063, ¶ 13.

{19}  New Mexico has adopted the transactional approach in analyzing the single-cause-of-action element of res judicata. *See Potter v. Pierce*, 2015-NMSC-002, ¶ 11, 342 P.3d 54. The transactional approach considers all issues arising out of a "common nucleus of operative facts" as a single cause of action. *Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 8, 122 N.M. 326, 924 P.2d 735 (internal quotation marks and citation omitted). The facts comprising the common nucleus should be identified pragmatically, considering (1) how they are related in time, space, or origin; (2)

12

whether, taken together, they form a convenient trial unit; and (3) whether their "treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." *Id.* ¶ 12.

{20} Plaintiff's state court spoliation claims are part of the same cause of action, i.e., arise out of the same "common nucleus of operative facts," as the spoliation claims asserted in her federal court complaint; granted, the destruction of the videotapes occurred subsequent to the alleged mistreatment during Plaintiff's detention. The two incidents, however, occurred relatively close in time and space, were causally closely connected, and would have formed a "convenient trial unit" (noting that it certainly would promote judicial economy to litigate the underlying cause of action in the same proceeding in which discovery sanctions are pursued), all factors that favor treatment as the same cause of action. Indeed, Plaintiff herself contends she wanted to bring the spoliation cause of action in the federal court litigation; she therefore cannot contend that the spoliation theory was not within the common nucleus of operative facts that formed the basis of her other claims.

{21} Plaintiff argues that she was not aware of her spoliation claims when she first filed her federal court complaint, because she assumed that the video tapes of her detention had been preserved. However, res judicata applies equally to bar all claims arising out of the same transaction, regardless of whether they were raised in the

13

earlier action, so long as they could have been raised. *See Pielhau v. State Farm Mut. Auto. Ins. Co.*, 2013-NMCA-112, ¶ 8, 314 P.3d 698; *accord Computer One, Inc. v. Grisham & Lawless, P.A.*, 2007-NMCA-079, ¶ 9, 141 N.M. 869, 161 P.3d 914, *rev'd on other grounds*, 2008-NMSC-038, ¶ 1, 144 N.M. 424, 188 P.3d 1175.

{22} Federal Rules of Civil Procedure 15(d) authorizes the federal district court to permit a party to file a supplemental pleading, which would include a supplemental complaint, "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A supplemental complaint is the proper method of asserting a cause of action that relates to the same matter but did not exist at the time the suit was brought. *See, e.g.*, *United States v. Rio Grande Dam & Irrigation Co.*, 1906-NMSC-013, ¶¶ 15-17, 13 N.M. 386, 85 P. 393. Such supplementation would encompass a claim for intentional spoliation based on destruction of evidence that prejudices a party's ability to prove his or her previously asserted claims or defenses. Because Plaintiff could have sought leave to supplement her federal court complaint to assert a spoliation cause of action once she learned or had reason to believe that the video tapes had been destroyed, her failure to undertake such supplementation followed by the dismissal of her federal court complaint subjected her to res judicata consequences. "If a lawsuit involves the same transaction as a prior claim, and the other claim preclusion elements are met, a plaintiff is barred

14

from raising those legal theories that he actually raised in the prior action as well as any theories that he could have raised." *Moffat*, 2005-NMCA-103, ¶ 18.

**4.     Same Subject Matter**

**{23}**    Plaintiff does not address this res judicata element in her appellate briefs. However, both the federal court and state lawsuits arose out of actions taken by Defendant GEO and its employees in connection with the detention of Plaintiff on September 20-21, 2008. Thus, the same subject matter was "inextricably involved" in both lawsuits. *See Myers v. Olson*, 1984-NMSC-015, ¶ 11, 100 N.M. 745, 676 P.2d 822.

**5.     Full and Fair Opportunity**

**{24}**    The remaining res judicata question is whether Plaintiff had a full and fair opportunity to pursue her spoliation claim in the federal court case. The answer turns on whether her inability to do so is attributable to Defendants' failure to disclose until March 20, 2013, their destruction of the video recordings of Plaintiff's detention. We think not. As is apparent from Plaintiff's November 6, 2012 motion for default judgment, Plaintiff was aware from the time of her September 2008 detention that she had been videotaped and, as of November 2012, was convinced that Defendants had destroyed the evidence. Indeed, given Plaintiff's personal observations of the video recordings in September 2008, and Defendants' claim in their April 2012 responses

15

to Plaintiff's document requests that they had no video recordings, she was on notice in April 2012—presumably well within the period allowed for amending her complaint—of the facts upon which she based her spoliation claim. However, Plaintiff did not at that juncture seek to amend her complaint to add a cause of action for spoliation, electing instead to seek a default judgment six months later as a sanction for the claimed discovery abuse. Because Plaintiff did not act promptly and diligently to assert a spoliation claim in the federal action, we will not speculate that the federal court would not have allowed the amendment had Plaintiff acted at the earlier date.

**B.      Remaining Considerations**

{25}      There is an independent basis—lack of causation—for affirming dismissal of Plaintiff's state court complaint. Plaintiff's basic theory is that her federal court case was dismissed because Defendants destroyed the video recordings. However, the record is clear that Plaintiff lost the federal court litigation not because of Defendant GEO's alleged destruction of evidence, but rather because of her procedural error in not timely opposing Defendants' motion for summary judgment. Had Plaintiff timely responded to the motion, most obviously by submitting her own affidavit contesting Defendants' account of the events of September 20 and 21, 2008, she presumably could have established issues of material fact that would have precluded summary judgment. It is clear from the federal magistrate court report and recommendation and

the district court's subsequent grant of summary judgment that Plaintiff lost the litigation due to the fact that Defendants' factual account of the events at issue were deemed uncontested, and not because of a lack of video recordings.[1]

**{26}** Plaintiff maintains that the federal court unfairly determined that she had not timely disputed Defendants' statement of material facts. This amounts, however, to a collateral attack on the federal court's decision, which we will not consider. *Lewis v. City of Santa Fe*, 2005-NMCA-032, ¶ 10, 137 N.M. 152, 108 P.3d 558 (holding that "[a] collateral attack is an attempt to avoid, defeat, or evade a judgment, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking the judgment" (alteration, internal quotation marks, and citation omitted)).

**{27}** In view of our affirmance on the basis of res judicata it is unnecessary for us to address the alternative collateral estoppel grounds for dismissal of the state court complaint. We also decline to consider Plaintiff's venue challenge based on the district court's claimed bias, because she never raised the issue below and thus did not preserve the argument. *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106

---

[1] In her March 4, 2013 response to Defendants' summary judgment motion, Plaintiff in fact asserted the claimed spoliation of the video recordings as a basis for contending that the material facts on which Defendants grounded their motion were disputed. The federal court declined to consider this argument because the response was not timely filed.

17

N.M. 492, 745 P.2d 717 (holding that "[t]o preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court").

**CONCLUSION**

{28}    We affirm the district court's order granting summary judgment in favor of Defendants.

{29}    **IT IS SO ORDERED.**


_____
**HENRY M. BOHNHOFF, Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**STEPHEN G. FRENCH, Judge**